STATE v. O. L. PARKER.[1]

June 26, 1931.

No. 28,509.

[1]Reported in 237 N. W. 409.

*Robert Cowling* and *W. L. Lindsten,* for appellant.

*Henry N. Benson,* Attorney General, *James E. Markham,* Deputy Attorney General, *Neil M. Cronin,* City Attorney, and *Palmer B. Rasmusson,* Assistant City Attorney, for the state.

LORING, J.

The defendant appealed from a judgment entered against him in the municipal court of Minneapolis, by which he was sentenced to 90 days' imprisonment in the workhouse. The complaint in the municipal court charged the defendant with maintaining a dwelling on a lot in the rear of a multiple dwelling in violation of the state housing act, which was incorporated in the charter of the city of Minneapolis. 1 Mason, 1927, § 1630-21, among other things provides: "No building shall hereafter be placed upon a lot so that there shall be a dwelling at the rear of another building on the same lot." Defendant at first entered a plea of not guilty, but later withdrew that plea and entered a plea of guilty. He then made a motion to set aside and vacate the judgment and asked for a new trial. This motion was denied, and he has appealed from the judgment.

The state takes the position that, having pleaded guilty, his appeal presents no question for review. With this contention we cannot agree. A plea of guilty is equivalent to a conviction, but if the acts charged do not constitute a public offense, the plea confesses nothing. This principle is well established. The authorities are reviewed in a very able opinion by Judge Fisk for the Supreme court of North Dakota in the case of State ex rel. Harvey v. Newton, 16 N. D. 151, 156, 112 N. W. 52, 55, 14 Ann. Cas. 1035. See also 16 C. J. 403.

The question of whether a public offense has been charged may be raised for the first time on appeal. State ex rel. Harvey v. Newton, 16 N. D. 151, 112 N. W. 52. In the Minnesota cases cited

by respondent to support its contention to the contrary the question of whether or not the complaint, information, or indictment stated a public offense was not involved; and in State v. Peoples Ice Co. 127 Minn. 252, 149 N. W. 286, Ann. Cas. 1916C, 618, the fine imposed had been paid immediately after sentence had been pronounced.

We are of the opinion that the use of the word "lot" to describe the land on which it is not permitted to place a building so that there shall be another dwelling in its rear makes the description of the offense sought to be created too indefinite and uncertain. A "lot" is not defined by the state housing act, and the Minneapolis zoning ordinance defines it as "the land occupied or to be occupied by a building and its accessory buildings and including such open spaces as are required under this ordinance." Minneapolis Ordinances, 1872-1925, p. 529, par. 22. The respondent repudiates this description as not controlling in this prosecution, which it asserts is under the statute. Both parties seem to be content with a definition which describes a lot as the smallest subdivision of the platted area involved. Even when so defined the word is too indefinite. Lots are not uniform in size or shape and may front on two or even three streets. A lot may extend through a block, or a corner lot may have equal frontage on both streets. It is unreasonable to believe that the legislature intended to make criminal the placing of a dwelling at any place in the rear of another building on lots of the character last referred to, if indeed the direction of the "rear" could be determined.

"When the legislature declares an offense in words of no determinate signification, or its language is so general or indefinite as that it may embrace within its comprehension, not only acts commonly recognized as reprehensible, but others also which it is unreasonable to presume were intended to be made criminal, the courts, possessing no arbitrary discretion to discriminate between those which were and those which were not intended to be made unlawful, can do nothing else than declare the statute void for its uncertainty." Czarra v. Medical Supervisors, 25 App. D. C. 443,

450, citing U. S. v. Reese, 92 U. S. 214, 221, 23 L. ed. 563, 566, where the Supreme Court said: "Every man should be able to know with certainty when he is committing a crime."

The judgment appealed from is reversed.

