## STATE v. NORTHWEST POULTRY & EGG COMPANY.[1]

October 21, 1938.

No. 31,656.

*Walter A. Lienke, Oppenheimer, Dickson, Hodgson, Brown & Donnelly,* and *Edwin B. Baer,* for defendant.

*William S. Ervin,* Attorney General, *Roy C. Frank,* Assistant Attorney General, *Joseph M. Donahue,* Special Assistant Attorney General, and *M. F. Juhnke,* County Attorney, for the State.

GALLAGHER, CHIEF JUSTICE.

The information alleges that defendant is engaged in the business of purchasing poultry and eggs for resale; that its place of business is at Windom; that on July 6, 1937, it purchased 45 pounds of heavy spring chickens and 10 dozen eggs from one Carl Bretzlaff in Great Bend township, Cottonwood county; that defendant gathered

[1]Reported in 281 N. W. 753.

these purchases by truck and failed to "deduct from the purchase price paid for said poultry and eggs the actual cost of hauling said poultry and eggs"; and that these acts constitute unlawful discrimination. Defendant demurred to the information, the demurrer was overruled, and the court certified to this court certain questions of law thereby raised as doubtful and important.

L. 1937, c. 420, § 2, amending 1 Mason Minn. St. 1927, § 6248-3, is the basis of this prosecution. It prohibits discrimination between different sections of the state or between different persons in the same section by any person engaged in the business of purchasing enumerated farm products (including poultry and eggs) for manufacture or sale. The payment of a higher price in one locality than in another or the payment of a higher price to one person than to another in the same locality "after making due allowance for the difference, if any, in the actual cost of transportation from the locality of purchase to the locality of manufacture or sale" for goods of the same kind and quality is declared to be unfair discrimination. The statute also declares that purchasers of the aforementioned class "who shall fail to deduct full transportation costs from the purchase price paid; or who shall fail to deduct the actual costs of hauling when such products are gathered by wagon or truck" shall be deemed guilty of unfair discrimination.

A number of questions are raised, but only one will be discussed since its answer disposes of the case. Defendant asserts that the clause last quoted, "or who shall fail to deduct the actual costs of hauling when such products are gathered by wagon or truck," is so vague, indefinite, and uncertain as to deny due process of law.

"Laws which create crimes, ought to be so explicit in themselves, or by reference to some other standard, that all men, subject to their penalties, may know what acts it is their duty to avoid." United States v. Sharp, Fed. Cas. No. 16264, Peters C. C. 118, 122. Exigencies of life compel men to act in some fashion, and their action in response to necessity ought not to be penalized unless it fails of compliance with cognizable rules. The legislature is vested with a large measure of discretion, bounded by constitutional restraints, in declaring and defining rules of conduct. But penalties

for their infraction will be inflicted only if a guide is established by which those subject to their force may with reasonable certainty assess the consequences of contemplated conduct. United States v. Reese, 92 U. S. 214, 23 L. ed. 563. It is essential to due process that the terms of a penal statute creating a new offense plainly inform those upon whom it operates where the line of duty is drawn and what the law will do if it is overpassed. McBoyle v. United States, 283 U. S. 25, 51 S. Ct. 340, 75 L. ed. 816. "The duty of the individual must be set out with such explicit definition that the law abiding may avoid prosecution and find protection." Commonwealth v. Reilly, 248 Mass. 1, 4, 142 N. E. 915, 917. If it requires or forbids in terms so vague that men of common intelligence must guess at its meaning and differ as to its application, it is void for uncertainty. Connally v. General Const. Co. 269 U. S. 385, 46 S. Ct. 126, 70 L. ed. 322; State v. Parker, 183 Minn. 588, 237 N. W. 409.

Absolute certainty is not required; mathematical precision in the statement of the conduct demanded or disapproved is unnecessary. State v. Schaeffer, 96 Ohio St. 215, 236, 117 N. E. 220, L. R. A. 1918B, 945, Ann. Cas. 1918E, 1137. It is not incumbent upon the legislature to designate every particular circumstance that calls for the imposition of a penalty. Where a form of conduct rather than a regulation of a specific act is propounded the definition of the class of acts to which the statute applies must in the nature of things be broad and inclusive. Accordingly the use of general and flexible terms in fixing the standard is inescapable. Miller v. Strahl, 239 U. S. 426, 36 S. Ct. 147, 60 L. ed. 364; People v. Maki, 245 Mich. 455, 464, 223 N. W. 70.

The uncertainty hit at is not the difficulty of ascertaining whether close cases fall within or without the prohibition of a statute, but whether the standard established by the statute is so uncertain that it cannot be determined with reasonable definiteness that any particular act is disapproved. Nash v. United States, 229 U. S. 373, 33 S. Ct. 780, 57 L. ed. 1232; United States v. Wurzbach, 280 U. S. 396, 50 S. Ct. 167, 74 L. ed. 508. If the statute merely outlaws crimes without establishing a standard for the discovery of the

acts within its interdiction it is void. Jackson, ex parte, 45 Ark. 158; State v. Gaster, 45 La. Ann. 636, 12 So. 739. Or if the standard is so vaguely stated that it cannot with assurance be said that it disapproves anything it cannot be enforced. United States v. Capital Traction Co. 34 App. D. C. 592, 19 Ann. Cas. 68; People v. O'Gorman, 274 N. Y. 284, 8 N. E. (2d) 862, 110 A. L. R. 1231; State ex rel. Hickey v. Levitan, 190 Wis. 646, 210 N. W. 111, 48 A. L. R. 434; Mayhew v. Nelson, 346 Ill. 381, 178 N. E. 921; Connally v. General Const. Co. *supra.*

Due process requires that penal legislation expressed in general and flexible terms furnish a test based on knowable criteria which men of common intelligence who come in contact with the statute may use with reasonable safety in determining its command. Collins v. Kentucky, 234 U. S. 634, 34 S. Ct. 924, 58 L. ed. 1510. Courts are obliged to sustain legislative enactments as reasonably certain when possible, and they will resort to all acceptable rules of construction to discover a competent and efficient expression of the legislative will. Coggins v. Ely, 23 Ariz. 155, 202 P. 391; State v. Partlow, 91 N. C. 550, 49 Am. R. 652. But where failure of expression rather than ambiguity of expression concerning the elements of the statutory standard is the vice of the enactment, courts are not free to substitute amendment for construction and thereby supply the omissions of the legislature. People ex rel. Hoyne v. Sweitzer, 266 Ill. 459, 107 N. E. 902, Ann. Cas. 1916B, 586; Railroad Comm. v. Grand Trunk W. R. Co. 179 Ind. 255, 100 N. E. 852; State ex inf. Crow v. West Side St. Ry. Co. 146 Mo. 155, 47 S. W. 959.

Terms too vague in themselves may of course be clarified by statutory definition so as to have reasonable certainty of meaning. Compare Champlin Refining Co. v. Corporation Comm. 286 U. S. 210, 52 S. Ct. 559, 76 L. ed. 1062, 86 A. L. R. 403, with Bandini Petroleum Co. v. Superior Court, 284 U. S. 8, 52 S. Ct. 103, 76 L. ed. 136, 78 A. L. R. 826. Certainty may be given to uncertain terms by the context also. State v. Arnold, 217 Wis. 340, 258 N. W. 843. If the guide be as definite as may be and still embrace the whole evil hit at, it is sufficient. State v. Dvoracek, 140 Iowa, 266, 118 N. W. 399. Or if the statute is no more uncertain of meaning or

difficult of application to necessarily varying facts than has been repeatedly sanctioned by the courts it must be given effect. Omaechevarria v. Idaho, 246 U. S. 343, 38 S. Ct. 323, 62 L. ed. 763. In cases where it is disputable whether the standard afforded is reasonably definite the question will be resolved in favor of certainty if evil intent is one of the elements. Omaechevarria v. Idaho, *supra;* Hygrade Provision Co. v. Sherman, 266 U. S. 497, 45 S. Ct. 141, 69 L. ed. 402. Courts will also favor the conclusion that the terms of a statute are reasonably certain if they are widely used in the same sense in legislative enactments. Kneeland v. Emerton, 280 Mass. 371, 183 N. E. 155, 87 A. L. R. 1; Boll v. Condie-Bray G. & P. Co. 321 Mo. 92, 11 S. W. (2d) 48. The same favor will be accorded language which has been a part of a statute for a long term of years. Commonwealth ex rel. Woodruff v. American Baseball Club, 290 Pa. 136, 138 A. 497, 53 A. L. R. 1027; State v. Smith, 29 R. I. 245, 69 A. 1061.

This statute requires that the "actual cost of transportation by truck or wagon" be deducted from the purchase price. Exhibited is a clear legislative intent to prevent the destruction of local produce dealers through unfair discrimination by competitors more amply buttressed with capital. Monopolies gained through the misuse of an economic advantage to the direct injury of small merchants and the ultimate injury of producing and consuming classes are to be forestalled. That the police power of the state may be exerted to this end is not to be doubted. State v. Fairmont Creamery Co. 168 Minn. 378, 210 N. W. 163, 608; Central Lbr. Co. v. South Dakota, 226 U. S. 157, 33 S. Ct. 66, 57 L. ed. 164. With this economic policy the court has no quarrel and can have none since it is not properly reviewable by the judiciary. Max Factor & Co. v. Kunsman, 5 Cal. (2d) 446, 55 P. (2d) 177. Our only concern is whether the quoted words adequately define the acts constituting unlawful discrimination.

The phrase "actual cost of transportation" has been a part of statutes prohibiting discrimination in this state for many years. Mason Minn. St. 1927, §§ 3907, 3908; 10482, 10483, 10474; L. 1937,

c. 116, part 1, § 2. It is in use in statutes of like import in at least 26 other states. It has also been accepted, although not passed upon by the courts, as stating a reasonably certain standard. Fairmont Creamery Co. v. Minnesota, 274 U. S. 1, 47 S. Ct. 506, 71 L. ed. 893, 52 A. L. R. 163. These facts favor certainty. But on the other side of the ledger is the fact that good faith is not a defense under this statute unlike most other statutes regulating discrimination, and the fact that the legislature evidently did not consider the term "cost" of sufficient certainty when used with an equivalent meaning in the Fair Practices Act where the matters embraced by the term are specifically stated. L. 1937, c. 116, part 2, § 3.

"Actual cost" has no common-law significance, and it is without any well understood trade or technical meaning. "It is a general or descriptive term which may have varying meanings according to the circumstances in which it is used." Boston Molasses Co. v. Molasses Distributors Corp. 274 Mass. 589, 594, 175 N. E. 150, 152. It imports the exact sum expended or loss sustained rather than the average or proportional part of the cost. Lexington & West Cambridge R. Co. v. Fitchburg R. Co. 75 Mass. 226. Its meaning may be restricted to overhead or extended to other items. 1 C. J. S. 1440. It has been used to include overhead, rent, depreciation, taxes, insurance, etc. Municipality of Bulawayo v. Bulawayo Waterworks Co. Ltd. [1908] A. C. 241; Boston Molasses Co. v. Molasses Distributors Corp. *supra*. Whether actual cost in this case is limited to gasolene or whether it extends to depreciation, license fees, insurance, repairs, the wages of the driver, or the actual worth of the services of an operator if driven by the owner is not stated. The statute neither provides which items comprise the actual cost of transportation nor how they are to be computed as to one trip, nor yet how the total is to be apportioned if several purchases are collected from a number of producers located varying distances from the point of manufacture or sale in the course of one trip. No intent is apparent from a reading of the statute by which these questions can be solved.

The court expresses no opinion concerning the instances in which shipment is made from the point of purchase to the point of manu-

facture or sale by a common carrier having a known schedule of rates, or by a contract carrier making a specific charge for each trip. But as to the particular case alleged we are compelled to hold that the terms used to define this class of acts constituting unlawful discrimination are so vague, indefinite, and uncertain as to deny due process of law. Since the answer to this question disposes of the case, the other questions certified will not be considered.

STONE, JUSTICE (dissenting).

I cannot agree that its terms "full transportation costs" and "actual costs of hauling" are so uncertain or so incapable of application by and to evidence as to call for the denunciation as unconstitutional of L. 1937, c. 420. My own view is that a proper application of the principles of cost accounting will not be so difficult as my brethren of the majority anticipate. A given case under the statute may present difficulties and disagreement between experienced truckers or wagoners and their cost accountants. But mere laboriousness of application is not properly assignable as cause for which to denounce a statute as unconstitutional. In Boston Molasses Co. v. Molasses Distributors Corp. 274 Mass. 589, 175 N. E. 150, judges had no difficulty in applying to facts the phrase "actual cost" in the controlling lease. It is not controlling, but of startling significance, that in State ex rel. Young v. Standard Oil Co. 111 Minn. 85, 126 N. W. 527, sustaining a similar statute (L. 1907, c. 269, 2 Mason Minn. St. 1927, § 10474), aimed at distributors of petroleum products, it was not even suggested, although the law was under attack upon constitutional grounds, that there was anything unconstitutionally vague in the phrase "actual cost of transportation from the point of production."

The argument is fanciful rather than realistic that one trucker may use up-to-date and costly equipment, paying his chauffeurs and other employes reasonable wages, and that another uses "an old Ford truck" chauffeured by his minor son "gratuitously or below a prevailing wage scale." The answer, according to my notion, is this. The transportation of goods by automobile is no longer new.

Competent accountants, experienced in that field, certainly may reduce cost of transportation by truck to something equivalent to the ton-mile or passenger-mile basis so familiar in railroad accounting. The legislature in the enactment of laws must be presumed to speak in terms of reason and not to have considered that a produce dealer was entitled to discriminate against a disfavored patron because, forsooth, his equipment was so old as to be incapable of further depreciation or on account of the fortuitous circumstance that some or all of his employes might be working at the time for little or nothing in the way of wages. What the legislature had in mind was the reasonable cost of transportation and not an unreasonably low expense thereof attributable to such exceptional circumstances as are supposed in argument for appellant.

That is not uncertain or vague which by the orderly processes of litigation can be rendered sufficiently definite and certain for purposes of judicial decision. Hence my submission is that the statute here involved is constitutional because its criteria of legal action are susceptible of reasonably certain and just application to facts presentable by evidence.

PETERSON, JUSTICE (dissenting).
I concur in the dissent.