## STATE v. JACK HAYES.[1]

April 7, 1955.

No. 36,464.

[1]Reported in 70 N. W. (2d) 110.

*Miles W. Lord,* Attorney General, *Lowell J. Grady,* Assistant Attorney General, and *Carl E. Erickson,* County Attorney, for the State.

*Ryan, Ryan & Ebert,* for defendant.

THOMAS GALLAGHER, JUSTICE.

An amended information filed January 2, 1953, charged defendant, Jack Hayes, with violation of M. S. A. 619.15(3), which provides:

"Such homicide is manslaughter in the first degree when committed without a design to effect death:

\* \* \* \* \*

"(3) By shooting another with a gun or other firearm when resulting from carelessness in mistaking the person shot for a deer or other animal."

The information charged that on November 15, 1952, at the village of Fifty Lakes, Crow Wing county, Minnesota, defendant had committed the crime of manslaughter in the first degree as follows:

"* * * That at the time and place aforesaid, Jack Hayes aforesaid, then and there being, without a design to effect death, shot another human being with a firearm while hunting deer with a firearm, to-wit: an eight MM, bolt-action, Mauser rifle, loaded with gun powder and metal bullet, and did feloniously and carelessly mistake Walter B. Olson, then and there being, for a deer, and while so carelessly mistaking Walter B. Olson aforesaid for a deer, feloniously aimed and shot the gun aforesaid in the direction of and at the person of Walter B. Olson aforesaid, and thereby caused the firearm aforesaid to discharge a metal bullet at and into the body of said Walter B. Olson, as a result of which said Walter B. Olson died on the day aforesaid, * * *."

Defendant demurred to the information, contending that the use of the term "carelessness in mistaking the person shot for a deer" as used in § 619.15(3) is so vague and indefinite as to be violative of the due process clauses of the state and federal constitutions. The trial court overruled the demurrer but certified the case as doubtful and important.

Several well-established principles govern our determination of the question presented. Without restating them in detail, they may be summarized as follows: To satisfy the due process clauses, an offense must be declared in words of determinative significance so that a man may know which acts it is his duty to avoid (State v. Parker, 183 Minn. 588, 237 N. W. 409; State v. Northwest Poultry & Egg Co. 203 Minn. 438, 281 N. W. 753); and when resort to established rules of construction will reveal that words used in a penal statute have acquired a meaning based upon reasonably definite standards by virtue of statutory definition, the common law, or long-established general usage, the statute will be sustained against the charge of uncertainty. State v. Bolsinger, 221 Minn. 154, 21 N. W. (2) 480. While common-law offenses were abolished by virtue of the adoption of our penal code, resort may be made to common-law concepts in aiding the construction of such common-law terms as may have been used in the code. State v. Cantrell, 220 Minn. 13, 18 N. W. (2d) 681.

■ Here we do not believe the expression "carelessness in mistaking the person shot for a deer" is so.vague and indefinite that men of ordinary intelligence must guess at its meaning. While there is no statutory definition of the term "carelessness," we do not hesitate to say that both at common law and by virtue of long-established usage, it has acquired a meaning based upon reasonably definite standards. At common law it appears synonymous with ordinary negligence, frequently defined as lack of due care. Salmond, Jurisprudence (9 ed.) § 140. Thus, in an early decision, Reg. v. Jones [1871-1874] 12 Cox C. C. 628, 629, it was said:

"* * * If he held the gun pointed at the boy * * * and it went off, what can that be but so improperly and *carelessly* handling the gun as to be *negligence,* and therefore manslaughter?" (Italics supplied.)

As to the required standards of care in identifying hunting targets, see State v. Green, 38 Wash. (2d) 240, 243, 229 P. (2d) 318, 319, 23 A. L. R. (2d) 1397, where the court stated: "A hunter must exercise reasonable care in identifying a target. If he is in doubt, he must not shoot." These references make inescapable the conclusion that at common law the terms "carelessness" and "ordinary negligence" were treated as synonymous and that the former had acquired a meaning based upon the standards ordinarily applied to the latter.

■ Likewise, reference to the works of standard lexicographers indicates that by general usage the term "carelessness" has acquired an accepted meaning, the import of which should be readily understood by men of ordinary intelligence. Thus, Webster's New International Dictionary (2 ed.) (1947) defines it as "Not taking ordinary or proper care; negligent" while 6 Wd. & Phr. (Perm ed.) p. 151, describe it as a "lack of ordinary care; that is, lack of such care as a man of ordinary care would exercise under the particular circumstances of the case."

■ Section 645.08 imposes upon us the obligation of construing words in statutes according to their approved and recognized meaning unless a contrary legislative intent is discernible therein. No

such contrary intent being manifested in § 619.15(3), it follows that the term "carelessness" as used therein must be construed in accordance with its recognized meaning which as above indicated is synonymous with ordinary negligence.

■ That the legislature may make ordinary negligence sufficient as a standard to support a charge of felony is not challenged. In addition to forming the basis for manslaughter in the first degree under § 619.15(3), it is made sufficient to support conviction for manslaughter in the second degree by virtue of §§ 619.20, 619.21, 619.22. As stated in State v. Bolsinger (221 Minn. 161, 165, 21 N. W. [2d] 486, 488):

"* * * In the statutes defining manslaughter, we find use of the terms 'reckless,' 'culpable negligence,' 'gross neglect,' 'negligence,' and others. * * * The statutes run the entire gamut of negligence in all its degrees. *Culpable negligence* heads the list in § 619.18(3) * * * and is followed by *gross negligence* in § 619.23 * * * and then by *ordinary negligence* in § 619.20 * * *.

\* \* \* \* \*

"The fact that our statutes relating to the subject matter of homicide have adopted different degrees of negligence as the basis of distinguishing between different crimes committed by acts of negligence is a sufficient answer to the argument that degrees of negligence are not recognized in this state. Notwithstanding the rule in civil cases that degrees of negligence are not recognized * * *, it is our plain duty to recognize and give effect to degrees of negligence where a statute adopts them as a basis for fixing criminal responsibility."

Based upon the foregoing, we conclude that § 619.15(3) is not violative of the due process clauses of the state or federal constitution because of vagueness or uncertainty in the terms used therein.

Case remanded for such further proceedings consistent herewith as are required by law.