## STATE v. CLARENCE TEREAU.

229 N. W. 2d 27.

May 2, 1975—No. 45098.

*Edward J. Hance,* for appellant.

*R. Scott Davies,* City Attorney, and *Arthur M. Nelson,* Assistant City Attorney, for respondent.

PER CURIAM.

Defendant was found guilty by a judge of the St. Paul municipal court on a charge of careless driving, Minn. St. 169.13, subd. 2, and was sentenced to a fine of $100 or 5 days. He contends upon this appeal from judgment of conviction that we should reverse his conviction because (1) the trial court erred in admitting certain opinion testimony by an eyewitness as to defendant's speed, (2) the trial court erred in admitting speed testimony of two police officers based upon skidding distances and their experience but not on use of skidding-speed charts, (3) the trial court erred in failing to accord defense counsel his right to closing argument, (4) the trial court applied the wrong standard in finding him guilty, and (5) even if the court applied the correct standard, there was insufficient evidence of guilt. We affirm.

This proceeding arose out of a two-car accident which occurred on July 27, 1973, at approximately 12:45 a. m. on Cretin Avenue in St. Paul, slightly north of the controlled intersection with Marshall Avenue, which runs east and west. It was undisputed at trial that defendant proceeded north on Cretin, applied his brakes and swerved to avoid hitting a vehicle on Marshall entering the intersection from the east, went into a spin as he passed through the intersection and struck another vehicle coming south on Cretin. In dispute at trial were whether defendant was speeding before he applied his brakes and whether the light was red when he entered the intersection. The evidence against defendant included opinion testimony by eyewitnesses as to defendant's speed and that he had run a red light, testimony

as to the length and nature of the skid marks left by defendant, and speed testimony of two police officers based upon these skid marks.

After the parties had rested and after a short recess, the trial court, apparently having forgotten that the attorneys had not made closing arguments, announced his verdict and his reasoning. In announcing the verdict, the court stated that he was following the simple negligence standard and that in his view, defendant had violated this standard by speeding and going through a red light. The court stated that he based his determination that defendant had been speeding not on the speed testimony of the police officers but primarily on the length of the braking skid marks. According to the trial court, it was improbable, if not impossible, that defendant would have left marks this long (148 feet of braking marks before impact) if defendant had not been driving over 30 miles per hour.

After announcing the verdict, the court asked defendant and defense counsel if either had anything to say before sentence. Defendant counsel said if he had had anything to say he would have said it in closing argument. The trial court then stated that he had been hasty and that he would reopen and permit closing argument, an offer defense counsel refused, saying his closing argument now would add nothing.

We need not decide whether the trial court erred in admitting eyewitness opinion testimony as to defendant's speed[1] or expert testimony as to speed based on the length and nature of the skid marks[2] because, as we indicated, the trial court, in stating the reasons for his decision, made it clear that he relied primarily on the evidence of length of skid marks in concluding that defendant had speeded and not on the speed-opinion testimony. There is, therefore, no basis for inferring that the challenged

[1] See, Schlukebier v. LaClair, 268 Minn. 64, 127 N. W. 2d 693 (1964).

[2] See, State v. Tinklenberg, 292 Minn. 271, 194 N. W. 2d 590 (1972); Sanchez v. Waldrup, 271 Minn. 419, 136 N. W. 2d 61 (1965); Grapentin v. Harvey, 262 Minn. 222, 114 N. W. 2d 578 (1962).

evidence was a material factor in the court's decision. Mankato Mills Co. v. Willard, 94 Minn. 160, 102 N. W. 202 (1905).

The difficult issue raised by defendant is whether he was denied due process by the trial court's failure to permit closing argument prior to announcing his verdict. The general rule is that it is a denial of due process and full and fair benefit of counsel to deny a criminal defendant the right to have his counsel give a closing argument in his behalf. Fish v. Commonwealth, 208 Va. 761, 160 S. E. 2d 576 (1968). The issue here is whether defendant, through his counsel, waived the right. At least two courts in similar fact situations have held that there was no denial of the right to closing argument prior to rendition of a verdict where, in the one case, defendant accepted the offer of the trial court to withdraw his finding and allow final argument and, in the other, defendant declined the offer to withdraw the finding and permit closing argument. Commonwealth v. Cooper, 229 Pa. Super. 52, 323 A. 2d 255 (1974), and Long v. City of Opelika, 37 Ala. App. 200, 66 So. 2d 126, certiorari denied, 259 Ala. 164, 66 So. 2d 130 (1953). Rejecting the reasoning of those cases, we hold that a defendant's refusal in a case such as this to accept the offer to reopen does not constitute a waiver of the right to closing argument. However, on the facts of this case, we do not believe that the trial court's action, although erroneous, affected the verdict materially or in any way prejudiced defendant. We reach this conclusion primarily because the evidence of defendant's guilt was very strong, but we should also point out that defense counsel had summarized defendant's position at the close of the state's case when the court heard arguments on defendant's motion to dismiss.

Finally, in answer to the only remaining issue, we hold that the trial court applied the correct standard when it found defendant guilty beyond a reasonable doubt of ordinary negligence. State v. Meany, 262 Minn. 491, 115 N. W. 2d 247 (1962) ; State v. Hayes, 244 Minn. 296, 70 N. W. 2d 110 (1955).

Affirmed.

ROGOSHESKE, JUSTICE (dissenting).

I would grant defendant a new trial. A busy trial judge's oversight in failing to afford final argument by counsel in a criminal case should, I believe, have prompted the judge to announce his intention to order a mistrial, unless the parties refused, rather than offering defense counsel the unrealistic opportunity of criticizing after the decision had not only been announced but the basis therefor explained. Try as I might, and however compelling the evidence of defendant's guilt appears, I cannot view the procedure followed as consistent with the requirements of the appearance, as well as the reality, of fairness or with the proper role and function of counsel in our adversary system of criminal justice, or indeed as harmless judicial error beyond a reasonable doubt. A mere recognition of its impropriety is not, I believe, sufficient to deter its future repetition.