Dear Mr. Toan:
You have requested our legal opinion on two questions pertaining to Section 42.110, RSMo 1978: (1) Whether "depreciation" is to be considered as an "operating cost" when calculating the "average per capita cost" of each type of care provided for residents of the Missouri Veterans' Home at St. James, Missouri, and (2) if so, whether "depreciation" also is to be included in the "actual cost" of care for such residents.
Your opinion request is made on behalf of the Superintendent of the Missouri Veterans' Home, to assist him in preparation of a list of depreciable assets to be used, pursuant to the requirements of Section 42.110, to determine the amount of monthly payments, if any, to be made by residents who have a regular source of income or other financial means to help defray the cost of their care at the Veterans' Home.
Section 42.105, RSMo 1978, provides:
 The persons entitled to admission into the Missouri veterans' home are citizens of the state of Missouri who have been honorably discharged, or discharged under honorable conditions, from service in any of the United States armed forces, and who, from a physical disability not the result of personal misconduct, are unable to support themselves. The spouse, surviving spouse, or aged parent of such honorable discharged veteran, or veteran discharged under honorable conditions, shall also be entitled to admission to the home if they are physically unable to support themselves.
Section 42.110, RSMo 1978, provides:
 Each resident of the Missouri veterans' home who has a regular source of income or other financial means shall make monthly payments by the tenth of each month to defray, or partially defray, the cost of maintaining his residence at the home. The amount to be paid shall be determined by the superintendent, who, in making the determination, shall take into consideration the income or other financial means of the resident, and the average per capita cost of the care provided. Each type of care, domiciliary or nursing, shall be considered separately and the average per capita cost will be determined by dividing the total operating cost for the last full fiscal year for each type of care by the average number of residents receiving such care for that year, provided, however, that the home shall not charge or receive from any source more than the actual cost of care for any resident. (Emphasis added).
In determining the average per capita cost for each type of care provided at the Veterans' Home, the Superintendent must first determine the total operating cost
for each type of care provided during the last full fiscal year. The total operating cost for each type of care provided, divided by the average number of residents receiving such type care, equals the average per capita cost for that type care during a particular fiscal year.
An answer to the question whether depreciation should be considered as an operating cost (or operating expense — the terms are interchangeable), lies in the interpretation of generally accepted principles of the accounting profession.
Sellin ATTORNEY'S HANDBOOK OF ACCOUNTING § 2:13[2] (3ded. 1979) describes "Recovery of Cost: Depreciation" as follows:
 While plant, property, and equipment assets are considered to be relatively permanent they do in a very literal sense, with the exception of land, lose their utility. This can be attributed to actual wear and tear through use or the elements, inadequacy, and obsolescence. In recognition of these factors there has been established a procedure whereby the cost of these assets is recovered through periodic charges to operations as an expense over the useful life of the asset. The periodic charge to operations is called depreciation.
 The periodic charge to operations takes into consideration both physical and functional depreciation. Physical depreciation embodies inadequacy and obsolescence.
 It is important to understand that depreciation involves no cash accounts. It is simply giving recognition in the financial statements to expired costs of fixed assets.
* * *
E. Faris Jr., Accounting for Lawyers 93 (3d ed. 1975) states:
 When dealing with assets, such as buildings and equipment having useful lives greater than a year, both good business accounting and tax law require that the cost of the asset be spread out as an expense of operation over the years that the asset is used.
The relationship of depreciation to useful lives, and the nature of depreciation as an allocation process, not a valuation process, is noted in the definition offered by the American Institute of Certified Public Accountants (AICPA) in its Accounting Terminology Bulletin No. 1, Review and Resume
(1953):
 Depreciation accounting is a system of accounting which aims to distribute the cost or other basic value of tangible capital assets, less salvage (if any), over the estimated useful life of the unit (which may be a group of assets) in a systematic and rational manner. It is a system of allocation, not of valuation. . . .
Depreciation of a productive facility is described as follows in paragraph 5 of chapter 9C, Accounting Research Bulletin No. 43, Emergency Facilities — Depreciation andAmortization (AICPA):
 The cost of a productive facility is one of the costs of the services it renders during its useful economic life. Generally accepted accounting principles require that this cost be spread over the expected useful life of the facility in such a way as to allocate it as equitably as possible to the periods during which services are obtained from the use of the facility. This procedure is known as depreciation accounting. . . .
The Supreme Court of Missouri has affirmed the definition of "depreciation" employed by the United States Supreme Court in Lindheimer v. Illinois Bell Tel. Co., 292 U.S. 151, 167
(1934), which is as follows:
 Broadly speaking, depreciation is the loss, not restored by current maintenance, which is due to all the factors causing the ultimate retirement of the property. These factors embrace wear and tear, decay, inadequacy, and obsolescence.
See: State ex rel. City of St. Louis v. Public Service Commission,110 S.W.2d 749, 768 (Mo., en banc, 1937).
The Court in the Lindheimer case held that a public utility's "operating expenses" properly included an annual depreciation charge. A similar holding that depreciation is a chief element of a utility's operating expense was made by the Michigan Supreme Court in Michigan Public Utilities Commission v. Michigan StateTel. Co., 200 N.W. 749, 751 (1924).
At least one Missouri case has recognized depreciation as an operating cost and expense. In a case involving breach of contract, the Court in Schmidt v. Morival Farms, 240 S.W.2d 952, 957
(Mo. 1951) stated that farm operating costs and expenses included machinery and equipment depreciation.
"Actual cost" is defined in Black's Law Dictionary
(5th ed.) as follows:
 The actual price paid for goods by a party, in the case of a real bona fide purchase, which may not necessarily be the market value of the goods. It is a general or descriptive term which may have varying meanings according to the circumstances in which it is used. It imports the exact sum expended or loss sustained rather than the average or proportional part of the cost. Its meaning may be restricted to materials, labor, and overhead or extended to other items.
The Supreme Court of Minnesota, in State v. NorthwestPoultry and Egg Co., 281 N.W. 753, 755 (1938), stated:
 "Actual cost" has no common-law significance, and it is without any well understood trade or technical meaning. `It is a general or descriptive term which may have varying meanings according to the circumstances in which it is used.' Boston Molasses Co. v. Molasses Distributors' Corp., 274 Mass. 589, 594, 175 N.E. 150, 152. It imports the exact sum expended or loss sustained rather than the average or proportional part of the cost. Lexington West Cambridge R. Co. v. Fitchburg R. Co., 75 Mass. 226, 9 Gray 226. Its meaning may be restricted to overhead or extended to other items. 1 C.J.S. Actual, 1440. It has been used to include overhead, rent, depreciation, taxes, insurance, etc. Bulawayo Municipality v. Bulawayo Waterworks Co. Ltd. [1908] A.C. 241; Boston Molasses Co. v. Molasses Distributors' Corp., supra.
(Emphasis added).
The term "actual cost" has been used to include many expenses, including depreciation. It is, therefore, our view that a court would construe the phrase as used in Section 42.110 to encompass depreciation.
CONCLUSION
It is the opinion of this office that depreciation is to be considered as an operating cost when calculating the average per capita cost of each type of care provided for residents of the Missouri Veteran's Home, pursuant to Section 42.110, RSMo 1978, and that depreciation also is to be included in determining the actual cost of care for such residents pursuant to the above statute.
The foregoing opinion, which I hereby approve, was prepared by my assistant, Hugh Sprague.
Very truly yours,
 JOHN ASHCROFT Attorney General