**STATE of Minnesota, Plaintiff,**

v.

**Marion Sherman MUNNELL, Defendant.**

**No. C2–83–1620.**

Court of Appeals of Minnesota.

March 7, 1984.

See also, 341 N.W.2d 570.

Erica K. Jacobson, Asst. Atty. Gen., St. Paul, John Dimich, County Atty., Grand Rapids, for plaintiff.

C. Paul Jones, Public Defender, Renee J. Bergeron, Asst. Public Defender, Minneapolis, for defendant.

Considered and decided by FOLEY, P.J., and WOZNIAK, and SEDGWICK, JJ., with oral argument waived.

## OPINION

FOLEY, Judge.

Appellant Marion Munnell was charged with criminal vehicular operation in viola-

tion of Minn.Stat. § 609.21, subd. 1. At an omnibus hearing she moved for dismissal, contending the statute is vague and overbroad and that its failure to distinguish between drivers under the influence who are more and less negligent than the victims whose deaths they cause violates the equal protection clause. She also moved that the jury at trial be instructed that fault of the victim is a defense to Minn. Stat. § 609.21, subd. 1. The trial court denied both motions but, pursuant to Minn. R.Crim.P. 28.03, certified four questions raised by the motions for consideration by the Court of Appeals. We affirm the trial court's position on all four questions certified.

## FACTS

Early on the morning of August 20, 1983, Munnell was traveling south on Itasca County Highway #39. She swerved across the yellow double center line and struck Kenneth Cloud, who was lying unconscious on the road. Her right front and rear tires ran over Cloud and killed him. Blood alcohol tests showed that defendant had an alcohol concentration of .11 percent, and the victim had an alcohol concentration of at least .24 percent.

## ISSUES

The trial court certified the following questions for our consideration:

1. Is Minn.Stat. § 609.21, subd. 1, as approved March 23, 1983, and effective July 1, 1983, unconstitutional on its face as being void for vagueness?

2. Is Minn.Stat. § 609.21, subd. 1, as approved March 23, 1983, and effective July 1, 1983, unconstitutional on its face as being overbroad and/or a denial of equal protection?

3. Is Minn.Stat. § 609.21, subd. 1, as approved March 23, 1983, and effective July 1, 1983, unconstitutional in its effect and application to a defendant who is less at fault than the deceased victim?

4. Is being less at fault than the deceased victim a defense to a prosecution under Minn.Stat. § 609.21, subd. 1, as approved March 23, 1983, and effective July 1, 1983?

## ANALYSIS

This is the first challenge to the constitutionality of the 1983 amendment to Minn. Stat. § 609.21, subd. 1. The statute provides:

Whoever, as a result of operating a vehicle as defined in 169.01, subdivision 2, or an aircraft or watercraft, in a grossly negligent manner, *or in a negligent manner while under the influence of alcohol* or a controlled substance as defined in 169.121, subdivision 1, causes the death of a human being not constituting murder or manslaughter is guilty of criminal vehicular operation resulting in death and may be sentenced to imprisonment for not more than five years or to payment of a fine of not more than $5,000, or both. (emphasis added)

### Vagueness Challenge

Appellant argues that the statute is unconstitutionally vague because it does not give the public adequate notice of the degree of negligence required to subject a driver under the influence to prosecution for criminal vehicular operation.

Minnesota case law clearly contradicts this conclusion.

[D]ue process requires, as a matter of fundamental justice, a statute creating a crime to prescribe reasonably ascertainable standards of guilt in order that one may know in advance just what acts are required or forbidden. *Anderson v. Burnquist,* 216 Minn. 49, 11 N.W.2d 776; *State v. Eich,* 204 Minn. 134, 282 N.W. 810; *State v. Northwest Poultry & Egg Co.,* 203 Minn. 438, 281 N.W. 753; *Connally v. General Const. Co.,* 269 U.S. 385, 46 S.Ct. 126, 70 L.Ed. 322; *International Harvester Co. of America v. Commonwealth of Kentucky,* 234 U.S. 216, 34 S.Ct. 853, 58 L.Ed. 1284; Rottschaefer, Constitutional Law, pp. 763–767. The standards should be such as are likely to be understood by men of

ordinary intelligence and capable of reasonably certain application to the facts of particular cases. * * *

The requirements of due process are satisfied by specifying standards of conduct in terms that have acquired meaning involving reasonably definite standards either according to the common law or by long and general usage. *State v. Northwest Poultry & Egg Co.*, 203 Minn. 438, 281 N.W. 753; *Connally v. General Const. Co.*, 269 U.S. 385, 46 S.Ct. 126, 70 L.Ed. 322; and *International Harvester Co. of America v. Commonwealth of Kentucky*, 234 U.S. 216, 34 S.Ct. 853, 58 L.Ed. 1284, supra.

*State v. Bolsinger*, 221 Minn. 154, 166–67, 21 N.W.2d 480, 488–89 (1946).

▇▇▇ The term "negligence" satisfies this test. Negligence is "the doing of something which an ordinarily prudent person would not do or the failure to do something which an ordinarily prudent person would do under like or similar circumstances." *Erickson v. Van Web Equipment Co.*, 270 Minn. 42, 49, 132 N.W.2d 814, 819 (1964).

In *State v. Hayes*, 244 Minn. 296, 70 N.W.2d 110 (1955), and again in *State v. Crace*, 289 N.W.2d 54 (Minn.1979), the Minnesota Supreme Court upheld the constitutionality of using an ordinary negligence standard in criminal statutes. In *Hayes* the court upheld a statute making it a felony to shoot and kill a person with "carelessness in mistaking the person shot for a deer." The court found "carelessness" to be a reasonably definite standard because the term is synonymous with negligence. The court noted:

That the legislature may make ordinary negligence sufficient as a standard to support a charge of felony is not challenged. In addition to forming the basis for manslaughter in the first degree under § 619.15(3), it is made sufficient to support conviction for manslaughter in the second degree by virtue of §§ 619.20, 619.21, 619.22.

*Hayes*, 70 N.W.2d at 113.

And in *Crace* the Minnesota Supreme Court upheld a later version of the same statute making it a felony to shoot and kill another "negligently believing him to be a deer or other animal."

Certainly the term "negligently" gives fair notice of the type of conduct prohibited. * * * [T]he statute in clear and definite terms makes it a crime to shoot another because the actor negligently thinks or believes the victim is an animal or mistakes him for one.

*Crace*, 289 N.W.2d at 58.

Furthermore, courts of other states have upheld as constitutional a number of negligent homicide statutes requiring only ordinary negligence. *People v. Pryor*, 17 Cal. App.2d 147, 61 P.2d 773 (1936) (California); *United States v. Henderson*, 121 F.2d 75 (D.C.Cir.1941) (District of Columbia); *State v. Ashton*, 175 Kan. 164, 262 P.2d 123 (1953) (Kansas); *Commonwealth v. Burke*, 6 Mass.App.Ct. 697, 383 N.E.2d 76 (1978) (Massachusetts); *People v. McMurchy*, 249 Mich. 147, 228 N.W. 723 (1930) (Michigan); *State v. Wojahn*, 204 Or. 84, 282 P.2d 675 (1955) (Oregon); *Pehl v. State*, 153 Tex.Cr. 553, 223 S.W.2d 238 (1949) (Texas).

### *Overbreadth and Equal Protection Challenges*

Appellant also argues that the statute is overbroad and a denial of equal protection because it "lumps together and treats equally those defendants whose negligence was the greatest cause of the death of a human being and those defendants whose negligence was only a minor contributing cause of death." She contends that such a classification is arbitrary and irrational because it holds persons criminally liable for action which would not result in civil liability. Under Minn.Stat. § 604.01, Minnesota's comparative fault statute, a decedent's estate could not recover from a negligent driver in a wrongful death action if the decedent was more negligent than the driver.

▇▇▇ Appellant's overbreadth claim fails because she can point to no constitutionally protected activity impinged upon by Minn.

Stat. § 609.21, subd. 1. The United States Supreme Court recently held:

> In a facial challenge to the overbreadth * * * of a law, a court's first task is to determine whether the enactment reaches a substantial amount of constitutionally protected conduct. If it does not, then the overbreadth challenge must fail.

*Village of Hoffman Estates v. Flipside, Hoffman Estates,* 455 U.S. 489, 494, 102 S.Ct. 1186, 1191, 71 L.Ed.2d 362 (1982) (footnote omitted).

Appellant's equal protection claim likewise fails because the statute's singling out of drivers under the influence is reasonable and rationally related to the purposes of the law. As the Minnesota Supreme Court explained in *State v. Nordstrom,* 331 N.W.2d 901, 906 (Minn.1983):

> The Constitutions of the United States and the State of Minnesota guarantee that every person shall be free from arbitrary and intentional discrimination, but we have not found such discrimination in a law where there is a sufficient distinction between two classes of persons to justify applying rules to one class not applicable to the other, where there is a reasonable basis for that distinction, and where the classification is relevant to the purpose of the law. *Price v. Amdal,* 256 N.W.2d 461, 468 (Minn.1977); *Schwartz v. Talmo,* 295 Minn. 356, 362, 205 N.W.2d 318, 322, *appeal dismissed,* 414 U.S. 803, 94 S.Ct. 130, 38 L.Ed.2d 39 (1973).

■ Every statute enjoys a presumption of constitutionality. *Wegan v. Village of Lexington,* 309 N.W.2d 273, 279 (Minn. 1981). But, because of the state's compelling interest in highway safety, courts should afford states especially great leeway in adopting summary procedures to protect public health and safety. *Nordstrom,* 331 N.W.2d at 906; *Szczech v. Commissioner of Public Safety,* 343 N.W.2d 305 (Minn.App.1984); *State v. Juncewski,*

308 N.W.2d 316, 319 (Minn.1981); *Mackey v. Montrym,* 443 U.S. 1, 17, 99 S.Ct. 2612, 2620, 61 L.Ed.2d 321 (1979).[1]

■ Minn.Stat. § 609.21, subd. 1's distinction between drivers under the influence and those not under the influence is a reasonable one rationally related to the purpose of discouraging drunk driving. The legislature's failure to exempt from criminal liability drivers under the influence less negligent than the victims whose deaths they cause does not make the statute arbitrary or irrational.

As the Oregon Supreme Court recognized in *Wojahn,*

> Civil actions for damages, which are based upon charges of negligence, and criminal prosecution for negligent homicide have purposes which are materially different. The one generally seeks nothing but compensation; the other is intended to promote the public safety.

282 P.2d at 702.

These different purposes make it reasonable to hold a defendant who causes a death criminally liable and yet excuse him from paying compensatory damages to a victim who was more at fault than he.

*Fault of Defendant as a Defense*

■ Finally, the trial court properly refused to instruct the jury that fault of the victim is a defense to Minn.Stat. § 609.21, subd. 1. The Minnesota Supreme Court has repeatedly held that contributory negligence of the victim is not a defense in a criminal prosecution. *Crace, supra; State v. Schaub,* 231 Minn. 512, 44 N.W.2d 61 (1950); *Bolsinger, supra; State v. Kline,* 168 Minn. 263, 209 N.W. 881 (1926); *State v. Peterson,* 153 Minn. 310, 190 N.W. 345 (1922). Courts of other states have likewise rejected victim negligence as a defense in vehicular negligent homicide cases. *Wren v. State,* 577 P.2d 235 (Alaska 1978); *Hart v. State,* 75 Wis.2d 371, 249 N.W.2d

---

1. This philosophy is buttressed by the U.S. Supreme Court's decision *South Dakota v. Neville,* — U.S. ——, 103 S.Ct. 916, 74 L.Ed.2d 748 (1983). *Neville,* deploring "traffic irresponsibility and the frightful carnage it spews on our highways," upheld the constitutionality of a South Dakota statute permitting prosecutors to comment at trial upon defendants' refusal to submit to a blood alcohol test.

810 (1977); *State v. Pope*, 6 Conn.Cir.Ct. 712, 313 A.2d 84 (1972).

However, a victim's negligence is relevant on the questions of whether the defendant was negligent, and, if so, whether that negligence was the proximate cause of the victim's injuries. *Crace*, 289 N.W.2d at 60; *Schaub*, 44 N.W.2d at 66.

### DECISION

Minn.Stat. § 609.21, subd. 1 is constitutional, both on its face and as applied to drivers under the influence less negligent than the victims whose deaths they cause. Fault of the victim is not a defense to the statute.

Affirmed and remanded for trial.