**In the Matter of the WELFARE OF M.B.W., Child.**

No. CX–84–1746.

Court of Appeals of Minnesota.

March 19, 1985.

John A. Winters, Crookston, for M.B.W.

Cynthia E. Ostlie, Asst. Polk County Atty., Crookston, for Polk County.

Heard, considered and decided by POPOVICH, C.J., and NIERENGARTEN and RANDALL, JJ.

## OPINION

RANDALL, Judge.

M.B.W. was adjudged a juvenile traffic offender by reason of having committed the offense of careless driving, and he appealed. We affirm.

## FACTS

On July 31, 1984, M.B.W. borrowed a 1976 Mustang belonging to a friend. At about 10:30 p.m., he made a left turn onto a street and ran into the back of a pick-up that was parked in the right hand lane of the four-lane (one driving lane in each direction and one parking lane in each direction) road. The pick-up was pushed into the ditch. The streets were dry, and the weather was warm. There was no indication of any alcohol use by M.B.W., no allegation of any "showboat" driving or of excessive speed. The intersection was lit on three corners. The Mustang and the pick-up both incurred damage. M.B.W. was issued a citation for careless driving.

At trial, M.B.W.'s friend testified. He said M.B.W. called him immediately after the accident and said he had not seen the pick-up because his windshield fogged up. Two deputy sheriffs also testified. Both had investigated the scene of the accident and testified to the location of debris, etc. which pointed to the place of impact. Over the objection of the child's attorney, one deputy testified that the point of impact was between 100 and 200 feet from the corner. Neither deputy had had extensive training in accident reconstruction, but both had had occasion to investigate accident scenes at various times over the course of their years with the sheriff's department.

The trial court concluded that the collision was the result of inattention by M.B.W. or a fogged windshield, and that M.B.W.'s conduct constituted ordinary negligence which resulted in damage to the property of another and constituted careless driving under Minn.Stat. § 169.13, subd. 2.

## ISSUES

1. Was the evidence sufficient to support the trial court's conclusion that M.B.W. was guilty of careless driving?

2. Can ordinary negligence which results in damage to the property of another constitute careless driving under Minn. Stat. § 169.13?

3. Did the trial court properly overrule the objections of the child's attorney to the testimony of the deputy sheriff as to the point of impact?

## ANALYSIS

### I.

*Sufficiency of evidence*

Minn.Stat. § 169.13, subd. 2 (Supp.1983) reads as follows:

> Subd. 2. Careless driving. Any person who operates or halts any vehicle upon any street or highway carelessly or heedlessly in disregard of the rights of others, or in a manner that endangers or is likely to endanger any property or any person, including the driver or passengers of the vehicle, is guilty of a misdemeanor.

Appellant contends the evidence was insufficient to support a conviction.

Since M.B.W. did not testify, the only person to testify about the cause of the accident was his friend. His friend testified to a telephone conversation he had with M.B.W. allegedly right after the accident occurred. He testified that M.B.W. told him he struck the pick-up truck after making a left turn and that he hadn't seen the truck because his windshield fogged up. No alibi defense was raised. There was no contradictory evidence, and the court was entitled to believe the testimony.

> In reviewing a claim of insufficiency of the evidence the court is limited to determining whether a trier of fact could reasonably conclude the defendant was guilty of the offense charged. The court must take the view of the evidence most favorable to the state and must assume the state's witnesses were believed and any contradictory evidence was disbelieved.

*State v. Nash,* 342 N.W.2d 177, 179 (Minn. Ct.App.1984) *petition for review denied* (Minn., March 15, 1984).

■ Appellant argues that the testimony of M.B.W.'s friend was hearsay. As the admission of a party, it properly came in under Minn.R.Evid. 801(d)(2).

As for the elements of careless driving, the car was driven when M.B.W. did not have a clear view out the windshield, either because the windshield was fogged up or for some other reason such as inattention. Such a manner of driving can endanger property or persons. Here it resulted in the collision with the pick-up. Testimony from the deputy sheriffs at the scene showed a straight line of car tracks for several feet leading right to the pick-up. The straight tire tracks leave a logical inference that the driver of the vehicle which struck the pick-up took no evasive action prior to the collision and perhaps simply drove into a stationary object without first seeing it.

■ Careless driving does not require the element of intent. On the facts, there was sufficient evidence to support the court's finding of careless driving.

### II.

*"Ordinary negligence"*

■ The trial court was correct in stating that ordinary negligence resulting in property damage can constitute careless driving. In *State v. Hayes,* 244 Minn. 296, 70 N.W.2d 110 (1955), a case dealing with an accidental shooting while deer hunting, the supreme court stated that, in statutory language, "carelessness" connotes ordinary negligence. The court ruled the same way in *State v. Meany,* 262 Minn. 491, 115 N.W.2d 247, 251 (1962). There, in distinguishing between "reckless" driving and careless driving, the court said, among other distinctions, that reckless driving means intentional conduct (not intentional harm). Carelessness, on the other hand, can be

synonymous with ordinary negligence. *Meany*, 115 N.W.2d at 257. This standard was discussed with approval in *State v. Tereau*, 304 Minn. 71, 229 N.W.2d 27 (1975).

### III.

*Opinion testimony*

 Whether the deputy sheriff was competent to testify as to his opinion regarding the point of impact is "peculiarly within the province of the trial judge, whose ruling will not be reversed unless it is based on an erroneous view of the law or clearly not justified by the evidence." *Cornfeldt v. Tongen*, 262 N.W.2d 684, 692 (Minn.1977). There was foundation laid for his opinion. He testified as to his experience as a peace officer and stated that he had some training in accident reconstruction. He further testified as to what he visually observed at the scene. From this the trial court concluded he could offer his opinion on the point of impact. This admission was not clearly erroneous.

 Moreover, since his opinion was rationally based on his own perception and helpful to a clear understanding of a fact in issue, his testimony would be proper under Minn.R.Evid. 701 as a lay person even if he should not have been qualified as an expert.

 Even assuming that the admission of the deputy's testimony as to the point of impact was error, because either as an expert or a lay person there was insufficient foundation, it would not have made a difference to the trier of fact. The deputy still could have testified as to his visual observations of the accident scene. More than this was not needed. Once the court chose to believe the testimony of M.B.W.'s friend that M.B.W. was driving with a foggy windshield, the exact location of the point of impact was not necessary to support a finding of careless driving.

### DECISION

Affirmed.