STATE of Minnesota, Respondent,

v.

John Alan SCHULTZ, Appellant.

No. C7–86–204.

Court of Appeals of Minnesota.

Aug. 19, 1986.

Hubert H. Humphrey, III, State Atty. Gen., William J. Watson, Ortonville, for respondent.

Ronald R. Frauenshuh, Jr., Ortonville, for appellant.

Considered and decided by FOLEY, P.J., and HUSPENI and CRIPPEN, JJ., with oral argument waived.

## OPINION

FOLEY, Judge.

John Schultz appeals from a conviction of failure to yield to a pedestrian in violation of Minn.Stat. § 169.21, subd. 2 (1984), and from the trial court's denial of a new trial. He contends that the trial court erred in admitting the police accident report into evidence at his trial in violation of Minn. Stat. § 169.09, subd. 13 (1984). He also claims the trial court applied the wrong standard in finding him guilty. We reverse and remand for a new trial.

## FACTS

This case arises out of an automobile-pedestrian accident on October 30, 1985 at the intersection of Monroe Avenue and Northwest Second Street in Ortonville, Minnesota. Glenn Nelson was crossing Northwest Second Street when he was struck by appellant's automobile. Appellant stopped for the stop sign at the intersection of the two streets and was turning left from Monroe onto Northwest Second when he hit Nelson.

Appellant says that he did not see Nelson, that he was momentarily blinded by sun reflecting off a window, and claims the State did not prove that the pedestrian was within the crosswalk when he was hit. Nelson contends he was within the marked crosswalk when appellant hit him.

The question of whether Nelson was inside the lines of the crosswalk was tried to the court without a jury. Nelson testified that although he was outside the crosswalk after he was hit by appellant's car, he was between the two lines (of the crosswalk) while crossing the street.

Appellant testified that he could not tell if the victim was inside the lines of the crosswalk. Appellant's attorney asked him:

Q. Okay. At what point did you hit the pedestrian; do you remember?

A. A little after the crosswalk, I think.

Later in his testimony appellant said that Nelson was inside the crosswalk when struck.

James Kaye, owner of a furniture store on the corner of Monroe and Northwest Second, witnessed the accident from inside the building and also testified. He said Nelson was leaning on a light pole, then stepped off the curb to cross the street and was hit by a car. The light pole is three to four feet from the crosswalk. Although he initially told police Nelson was inside the crosswalk when struck, at trial Kaye testified that he could not see the lines of the crosswalk from his vantage point in the store, about 60 feet from the window.

Police Chief Quentin Larsen, who answered the accident call, testified that there were skid marks on the highway but that appellant's car had already been moved from the intersection when he arrived. Larsen diagrammed the accident on the traffic accident report which the court accepted into evidence over appellant's foundation and hearsay objections.

According to the police report, Nelson landed 11 feet from the point of impact, and he was within the crosswalk. Appellant testified that his car pushed Nelson about eight feet. Chief Larsen testified that he determined the point of impact was at the inside edge of the crosswalk.

Following his conviction, appellant moved for a new trial claiming the judge improperly considered the traffic accident report in reaching his decision and that the judge applied the preponderance of the evidence test in finding him guilty. The trial court denied his motion. This appeal followed.

## ISSUES

Did the trial court's admission into evidence of a traffic accident report deny appellant a fair trial?

## ANALYSIS

■ 1. Minn.Stat. § 169.09, subd. 13 prohibits use of accident reports as evidence at trial.

> No report shall be used as evidence in any trial, civil or criminal, arising out of an accident, * * *.

*Id.* Although appellant's attorney objected to admission of the report based on hearsay and lack of foundation, no one recognized the statutory prohibition against admitting such evidence. *See Rockwood v. Pierce*, 235 Minn. 519, 51 N.W.2d 670 (1952); *Garey v. Michelsen*, 227 Minn. 468, 35 N.W.2d 750 (1949).

■ The trial court's only finding is one of appellant's guilt. Implicit in this finding is that Nelson was inside the lines of the crosswalk when hit by appellant's car. The trial court stated its finding of guilt was "based on the testimony adduced and *evidence* received." (Emphasis added.) The two pieces of documentary evidence admitted at trial were the traffic accident report and sketch of the intersection.

Respondent argues that the evidence contained in the accident report is only cumulative and that the information was presented at trial through direct testimony. The accident report states Nelson was crossing the street within the crosswalk and that he landed 11 feet from the impact point. The report also states: "Witness said Ped was in crosswalk."

The witness referred to in the accident report testified at trial he could not see whether Nelson was inside the crosswalk. Larsen, author of the report, did not see the accident and testified he found Nelson outside the crosswalk. Appellant had already moved his car by the time Larsen arrived.

The erroneous admission of evidence does not always warrant a new trial. In *State v. Tereau*, 304 Minn. 71, 229 N.W.2d 27 (1975), the supreme court affirmed a careless driving conviction in a bench trial, despite challenged testimony and error in not permitting closing argument prior to

announcing a verdict. In another case the court stated:

> [T]he effect of admitting or using otherwise inadmissible testimony in a trial to the court has been determined to be harmless error if the evidence is cumulative and there is other competent evidence in the case to justify the findings.

*In re Estate of Lea*, 301 Minn. 253, 259, 222 N.W.2d 92, 97 (1974). In both *Tereau* and *Lea* the trial courts had noted that they did not consider the improper evidence. In *Tereau*, the court stated the challenged testimony was not a material factor in its decision, and instead it relied on evidence of skid marks. The trial court in *Lea* stated that it did not give much weight to the inadmissible testimony.

In this case, however, the trial court expressly relied on testimony adduced and evidence received. It did not qualify its decision in any way or give us any idea what evidence it considered. Thus, it is likely that the trial court considered the accident report in deciding this case.

■ The prohibition against the use of traffic accident reports as evidence in a trial was added to the Minnesota traffic regulations in 1939. Although subdivision 13 was amended in 1941 and 1945, it remained the same with regard to the non-admissibility of accident reports. *See Lowen v. Pates*, 219 Minn. 566, 18 N.W.2d 455 (1945). Use of a report by a police officer to refresh his memory while testifying to facts within his knowledge is permitted even though the report itself is inadmissible. *Ackerman v. Theis*, 281 Minn. 82, 160 N.W.2d 583 (1968).

In this case, the trial court did not just permit Larsen to use the report to refresh his memory, but it actually admitted the report into evidence. This is a clear violation of the statutory prohibition. We find that the trial court clearly erred in admitting the traffic accident report into evidence. Appellant is entitled to a new trial.

Having decided that appellant is entitled to a new trial, we will not address appellant's contention that the trial court applied the wrong standard in finding him guilty.

## DECISION

The trial court erred in admitting into evidence a traffic accident report.

**Reversed and remanded.**