**STATE of Minnesota, Respondent,**

v.

**Jerome ERICKSON, Appellant.**

**No. C2–86–692.**

Court of Appeals of Minnesota.

Dec. 2, 1986.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Tom Foley, Ramsey County Atty., Jerome P. Filla, Asst. County Atty., White Bear Lake, for respondent.

William E. Falvey, Chief Public Defender, Margaret L. Arola, Sp. Asst. Public Defender, St. Paul, for appellant.

Considered and decided by SEDGWICK, P.J., and LANSING and FORSBERG, JJ., with oral argument waived.

## OPINION

SEDGWICK, Judge.

Jerome Erickson appeals his convictions for leaving the scene of an accident and careless driving. We affirm.

## FACTS

Appellant testified he was driving south on highway 10 on his way to a job interview when he noticed a large car (which he later learned was driven by John Speltz) turn onto highway 10 and accelerate. The two cars then took turns accelerating and passing each other.

Speltz pulled in front of appellant and stopped for a red light. Appellant claimed Speltz accelerated when the light turned green, then abruptly slammed on his brakes. Appellant also accelerated and collided with the rear end of Speltz's car. Appellant claimed Speltz moved forward again and slammed on his brakes, resulting in another and more forceful impact.

Appellant testified Speltz did not stop after either collision and continued to the next intersection. Appellant pulled into a left-turn lane alongside Speltz's car, which was stopped in a line of traffic waiting at the intersection. "[T]rying to even the score," appellant intentionally turned his car into the left side of Speltz's, pulled away and proceeded to his job interview.

Speltz's account of the events is quite different. Speltz testified that he was rear-ended only once, after braking when the traffic in front of him stopped suddenly. Immediately after that collision, appellant's car came up and hit the left side of Speltz's car. When appellant did not stop, Speltz followed until he could get appellant's license number and contacted the highway patrol.

State Trooper Paul Straka investigated the case. Speltz told Straka "that he had been hit and that the other driver took off." Speltz said the guy "was driving like a crazy man away from the accident."

Straka ran a license plate check on the number given him by Speltz and found the car registered to appellant. He examined Speltz's and appellant's vehicles. Both were damaged.

After determining that the measurements of marks on the rear bumper of Speltz's car matched marks on the front of appellant's and that the marks on the side of Speltz's car corresponded to similar marks on the right front corner of appellant's vehicle, Straka cited appellant for leaving the scene of an accident and for careless driving.

At trial, appellant gave his account of the events surrounding the rear end collisions for the first time. He had previously denied rear-ending Speltz. He testified he told Straka nothing because he "felt at that point it was just better not to say anything at all.". During cross examination, appellant admitted he had lied to Straka. He also admitted that he deliberately hit the left side of Speltz's car and that he had no

intention of stopping or of reporting the accident. The trial court found appellant guilty.

## ISSUE

Is the evidence sufficient to sustain appellant's convictions?

## ANALYSIS

 Appellant contends the evidence is insufficient to sustain his convictions.

In reviewing a claim of insufficiency of the evidence the court is limited to determining whether a trier of fact could reasonably conclude the defendant was guilty of the offense charged. The court must take the view of the evidence most favorable to the state and must assume the state's witnesses were believed and any contradictory evidence was disbelieved.

*In re Welfare of M.B.W.*, 364 N.W.2d 491, 493 (Minn.Ct.App.1985) (quoting *State v. Nash*, 342 N.W.2d 177, 179 (Minn.Ct.App. 1984), *pet. for rev. denied*, (Minn. March 15, 1984)).

After weighing the credibility of the witnesses, the trial court obviously chose to accept Speltz's account of the events as more plausible. Speltz testified that he was rear-ended when he was stopped and immediately sideswiped by appellant's car. From the evidence presented here, any reasonable person would conclude that an accident occurred, and appellant admits to leaving the scene. Sufficient evidence supports appellant's conviction of leaving the scene of an accident in violation of § 169.09, subd. 2 (1984).

Minn.Stat. § 169.13, subd. 2 (1984), defines careless driving and provides:

> Any person who operates or halts any vehicle upon any street or highway carelessly or heedlessly in disregard of the rights of others, or in a manner that endangers or is likely to endanger any property or any person, including the driver or passengers of the vehicle, is guilty of a misdemeanor.

*Id.* Appellant's argument that because his action in sideswiping Speltz was intentional, he cannot be convicted of careless driving is specious.

 The correct standard to apply in a prosecution for careless driving is ordinary negligence. *State v. Tereau*, 304 Minn. 71, 74, 229 N.W.2d 27, 29 (1975). Although careless driving does not require an element of intent, from all of the evidence presented, the trial court could conclude that appellant's driving amounted to ordinary negligence beyond a reasonable doubt.

## DECISION

Affirmed.