## STATE v. ARLENE WINNIE TINKLENBERG.

194 N. W. 2d 590.

February 11, 1972—No. 42212.

C. Paul Jones, State Public Defender, and Doris O. Huspeni, Assistant State Public Defender, for appellant.

Warren Spannaus, Attorney General, Paul J. Tschida, Special Assistant Attorney General, William B. Randall, County Attorney, and Steven C. DeCoster, Assistant County Attorney, for respondent.

Heard before Knutson, C. J., and Otis, Kelly, and Hachey, JJ.

KELLY, JUSTICE.

Appeal by defendant, Arlene Winnie Tinklenberg, from a conviction, following a jury trial, of three counts of death by criminal negligence contrary to Minn. St. 609.21. Defendant was sentenced to up to 3 years at the Minnesota Correctional Institution for Women, and has since been released on parole. Defendant contends that the admission of morgue photos constituted reversible error and that the evidence was insufficient to sustain the conviction. We affirm.

At about 6 a. m. on September 21, 1968, defendant was driving her car east on Larpenteur Avenue in St. Paul. As she drove across the I-35E bridge, she overtook and struck two motorcycles, killing three of the riders and injuring a fourth. The decedents and their cycles were dragged or thrown by the car which came to a stop against a utility pole guidewire over 200 feet down the street with one motorcycle pinned underneath the car and the other about 20 feet beyond. Testimony indicated that the motorcycles were clearly visible and were traveling at about 35 miles per hour. Defendant's speed was estimated at 60 to 65 miles per hour, but scientific tests indicated a speed in excess of 75 miles per hour. Testimony also indicated that defendant did not have her car under complete control for at least several blocks prior to the impact.

The trial court, over objection, admitted several morgue photos because it thought the pictures might be helpful in judging the force, nature, and kind of impact. The rule with regard to pictures offered in evidence was set out in State v. DeZeler, 230 Minn. 39, 46, 41 N. W. 2d 313, 319 (1950):

"* * * Photographs are admissible as competent evidence where they *accurately* portray anything which it is competent for a witness to describe in words, or where they are helpful as an aid to a verbal description of objects and conditions, provided they are relevant to some material issue; and they are not ren-

dered inadmissible merely because they vividly bring to jurors the details of a shocking crime or incidentally tend to arouse passion or prejudice. This is the general rule, and any other would be an anachronism in this day when pictures are a common and recognized medium for the accurate portrayal of objects and events."

See, also, State v. Garden, 267 Minn. 97, 113, 125 N. W. 2d 591, 601 (1963); Knuth v. Murphy, 237 Minn. 225, 54 N. W. 2d 771 (1952). While we in no way give blanket approval to the introduction of morgue photos, the trial court did not abuse its discretion in this instance.

We also find no merit in defendant's contention that the evidence was insufficient to support the jury's verdict. Testimony showed a speed greatly in excess of the speed limit, a lack of control over her vehicle, a dispute as to whether her headlights were on, and a shocking lack of attention. Such evidence easily supports the "gross negligence" requisite of the charge of criminal negligence. State v. Brehmer, 281 Minn. 156, 160 N. W. 2d 669 (1968); State v. Anderson, 247 Minn. 469, 78 N. W. 2d 320 (1956).

Defendant also objects to the admission of testimony by Adolph O. Lee, assistant professor of mechanical engineering at the University of Minnesota, regarding the speed of the vehicle. Grapentin v. Harvey, 262 Minn. 222, 114 N. W. 2d 578 (1962), and Sanchez v. Waldrup, 271 Minn. 419, 136 N. W. 2d 61 (1965), cited by defendant, are not applicable here since in the present case there was sufficient evidence from which the coefficient of friction could be determined. Inability to determine and corroborate a reliable figure was the factor that we found objectionable in Grapentin and Sanchez. In the present case there were skid marks, knowledge of the roadway, testimony as to immediate conditions, and corroborative tests made shortly after the accident.

Defendant also relies on the emergency doctrine—that when a driver is suddenly confronted with an emergency through no

fault of his own, he should not be held negligent merely because he does not choose the best or safest way to avoid it. See, Brady v. Kroll, 244 Minn. 525, 70 N. W. 2d 354 (1955). Defendant's reliance is misplaced for two reasons. First, the situation arose, at least partially, out of defendant's negligence, and second, it is clear that the jury did not believe defendant's story of the oncoming car with glaring headlights claimed to have created the emergency.

Affirmed.

MR. JUSTICE TODD, not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.