STATE v. RICHARD MANDEL BARNESS.

200 N. W. 2d 300.

August 4, 1972—No. 43397.

*C. Paul Jones,* State Public Defender, and *Earl P. Gray* and *Doris O. Huspeni,* Assistant State Public Defenders, for appellant.

*Warren Spannaus,* Attorney General, *Robert W. Johnson,* County Attorney, and *Gerard W. Snell,* Assistant County Attorney, for respondent.

Heard before Knutson, C. J., and Otis, Kelly, and Gunn, JJ.

Per Curiam.

Defendant appeals from a conviction for aggravated robbery committed on December 25, 1970, against one Ronald Buerkle, the proprietor of a grocery store in Anoka. We affirm.

1. Defendant raises the issue of identification, complaining that the lineup, photographic identification, and in-court identification were not reliable and that, by virtue of alibi witnesses, defendant's guilt has not been established. We find no merit in these contentions. The victim had ample time to observe the robber and supported his identification by noticing particularly that the robber was suffering from a conspicuously injured thumb. Although defendant claimed the injury occurred after the robbery, there was credible evidence that he had in fact sustained it on the previous Thanksgiving Day.

2. In cross-examining a defense witness, the prosecutor elicited the following testimony:

"Q. All right. The defendant never discussed any of these things with you such as he has set forth in this letter?

"A. No. He just said that—just discussed that he had a raw deal the first time and that he wasn't about to go back again.

"Q. He never talked about any of these things like this with you?

"A. Not to me, no.

"Q. You said he got a raw deal what?

"A. He said he was falsely convicted before."

Defendant did not take the stand and argues that he was denied a fair trial by the disclosure of a prior conviction. Had the prosecutor intentionally revealed defendant's prior record, we would reverse. However, there was no showing that the prosecutor anticipated the answer he received, and we are satisfied it was volunteered without any knowledge on his part that it was forthcoming.

Affirmed.

MR. JUSTICE MACLAUGHLIN, not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.