## STATE v. JAMES DONALD RICHMOND.

214 N. W. 2d 694.

February 1, 1974—No. 43776.

C. Paul Jones, State Public Defender, and Rosalie E. Wahl, Assistant State Public Defender, for appellant.

Warren Spannaus, Attorney General, and Julius E. Gernes, County Attorney, for respondent.

PER CURIAM.

Defendant, found guilty by a district court jury of aggravated robbery, Minn. St. 609.245, and sentenced to a maximum term of 20 years' imprisonment, appeals from judgment of conviction. We affirm.

Defendant's first contention is that the trial court erred in refusing to suppress the victim's identification testimony because defense counsel, although present at the preindictment lineup, was not present in

an adjoining room when the victim made his identification known to the police. We believe it is significant that counsel did not request permission to be present in the adjoining room. Beyond this, the Supreme Court in Kirby v. Illinois, 406 U. S. 682, 92 S. Ct. 1877, 32 L. ed. 2d 411 (1972), held that the right of counsel does not arise at the preindictment lineup stage; so that, at least under the United States Constitution, defendant had no right to have counsel present even at the lineup. And, in any event, there was no evidence that the victim's identification was the product of any improper influence by the police; rather, it appears that the victim identified defendant on the basis of a good view he got of defendant at the time of the crime.

Also, we have carefully reviewed the record and believe that there is no merit to defendant's contention that the evidence on the issue of identification was, as a matter of law, insufficient. In addition to the positive identificaton of defendant by the victim, which alone would have been sufficient, the jury also had before it the testimony of three other witnesses connecting defendant to the crime.

Finally, defendant contends that he did not receive a fair trial because of the prejudicial effect of certain evidence, including photographs of the victim's bruised face and the blood-soaked interior of the victim's automobile, testimony that the defendant was wearing a bandage on his hand the day after the incident, and testimony that a photograph of defendant which police showed the victim in the hospital had been taken 2 years earlier "at the LaCrosse Police Department." We believe that the photographs, as well as the glasses the victim was wearing at the time of the crime, were admissible to corroborate the victim's testimony about the beating he received from defendant and his accomplice. See, State v. Tinklenberg, 292 Minn. 271, 194 N. W. 2d 590 (1972); State v. Dimler, 206 Minn. 81, 287 N. W. 785 (1939). Additionally, the photograph of the victim was admissible to corroborate the victim's testimony that he was unable to identify defendant from photographs shown him in the hospital because of his physical condition after the beating.

As for the bandage testimony, we note that defendant did not object to that testimony or move to have it stricken. Further, it is not clear that that testimony was irrelevant, as defendant contends, to the issue of identification, especially in view of the victim's testimony that the defendant had used his hands during the course of the beating.

We are more troubled by the testimony that the photograph of defendant shown the victim when he was in the hospital was a 2-year-old photograph "taken at the LaCrosse Police Department," testimony which was unintentionally elicited by the prosecution when cross-

examining a defense witness. The objection to this testimony is that it permitted the jury to infer that defendant had a prior record. As a general rule, such testimony is inadmissible. See, e. g., State v. Sweeney, 180 Minn. 450, 231 N. W. 225 (1930). In cases involving the erroneous admission of such evidence, this court has attached importance to whether the prosecutor intentionally elicited such testimony. State v. Barness, 294 Minn. 507, 200 N. W. 2d 300 (1972). Of course, even if the prosecutor unintentionally elicits such testimony, as here, this court will reverse if it believes that the testimony prejudiced the defendant's case. Here, however, as in State v. Madison, 281 Minn. 170, 160 N. W. 2d 680 (1968), an intentional elicitation case, the evidence of defendant's guilt was so strong that it is very unlikely that the testimony played any substantial part in convincing the jury of defendant's guilt. We therefore hold that the error was nonprejudicial.

Affirmed.

MR. CHIEF JUSTICE SHERAN, not having been a member of this court at at the time of the submission, took no part in the consideration or decision of this case.