STATE of Minnesota, Respondent,

v.

C. L. MOSS, Appellant.

No. 46750.

Supreme Court of Minnesota.

Jan. 13, 1978.

Rapoport, Singer & Miller, Larry Rapoport, and David Singer, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Keith M. Brownell, County Atty., John E. DeSanto, Asst. County Atty., Duluth, for respondent.

PER CURIAM.

Defendant, who was charged with first-degree murder and two counts of aggravated assault, was found guilty by a district court jury of first-degree manslaughter and one count of aggravated assault, and was sentenced by the trial court to consecutive terms of 3 to 15 and 3 to 5 years in prison. On appeal from judgment of conviction, defendant does not challenge the sufficiency of the evidence but contends that he was prejudiced by certain evidentiary rulings of the court, and by delays and failures on the part of the prosecution in providing discovery of certain information. We affirm.

■ Defendant's first contention is that the trial court erred in admitting pictures of the body of the victim and in denying a motion for a mistrial after a relative of the decedent screamed when the prosecutor projected the first of the pictures for the jury's benefit. Defense counsel objected to some but not all of the pictures. Defendant has not shown that the trial court abused its discretion in admitting the pictures. See, *State v. Tinklenberg*, 292 Minn. 271, 194 N.W.2d 590 (1972). Further, there is no allegation that the state was responsible for the outburst of the spectator. Indeed, it is possible that one of the pictures to which defendant did not object could have triggered the same response if it had been shown first. Finally, it seems unlikely that the outburst had a prejudicial impact on the jury.

■ Defendant's second contention is that he was prejudiced by the reference of the arresting officer to other weapons found in defendant's possession in addition to the one which was identified as having been used in the shooting. The record shows that although defense counsel successfully objected on the ground of relevancy to the introduction of the weapons, he failed to object earlier when the testimony about the seizure of the weapons was elicited. Counsel therefore waived the issue. Beyond this, it is extremely doubtful that the evidence influenced the jury in reaching its verdict.

The final issue relates to the alleged failure of the prosecution to comply in a timely fashion with requests by defense counsel for discovery of (a) the criminal records of state's witnesses, (b) the criminal record of the defendant, and (c) reports of blood tests made by the state's expert.

(a) Rule 9.01, subd. 1(1)(a), provides as follows:

"The prosecuting attorney shall disclose to defense counsel the names and addresses of the persons whom he intends to call as witnesses at the trial together with their prior record of convictions, if any, within his actual knowledge * * *."

█ In this case the prosecutor did not furnish defense counsel with the requested information about the criminal records of the state's witnesses until voir dire, even though defense counsel had requested it earlier. However, there is no indication that defendant was prejudiced by this delay in any way.

(b) Rule 9.01, subd. 1(5), provides as follows:

"The prosecuting attorney shall inform defense counsel of the record of prior convictions of the defendant that is known to the prosecuting attorney provided the defense counsel informs the prosecuting attorney of the record of defendant's prior convictions known to the defendant."

█ There was a question in this case whether the defense adequately informed the prosecution of the record of defendant's prior convictions known to defendant. Nonetheless, the prosecutor not only furnished the defense with the F.B.I. "rap sheet" on defendant, but also unsuccessfully tried to obtain certified copies of these records pursuant to the defense request. Defendant has not shown that he was prejudiced by not having been provided with the certified copies. In fact, he stated at the time of sentencing that he had complete records of all his prior convictions going back to 1938. Defendant's claim in his brief that he did not testify because he feared the state would impeach his answers about his record with unsubstantiated information is meritless. The prosecutor made it clear at trial that it would take defendant at his word about what his record was and pointed out that he could not impeach defendant's answers if he did not have certified copies.

(c) Rule 9.01, subd. 1(4), provides as follows:

"The prosecuting attorney shall disclose and permit defense counsel to inspect and reproduce any results or reports of physical or mental examinations, scientific tests, experiments or comparisons made in connection with the particular case."

█ The prosecutor failed to provide the defense with the report of certain blood tests prior to trial, but defense counsel received the report as soon as it was available and before the state's expert witness testified about the test results. Again there is no indication that defendant was prejudiced by the delay.

We note that this case was prosecuted during the first year of the operation of the rules. In an order dated May 2, 1975, we urged trial courts during the first year to be tolerant of insubstantial deviations from the rules if a good faith effort has been made to comply. Here it appears that the state made a good faith effort to comply substantially with the discovery rules and defendant has not shown any prejudice by the delays.

In summary, we believe that the state substantially complied with the rules and that defendant received a fair trial.

Affirmed.