**STATE of Minnesota, Respondent,**

v.

**Ralph Charles SCHLUTER, Appellant.**

No. 48337.

Supreme Court of Minnesota.

June 15, 1979.

C. Paul Jones, Public Defender, and Robert E. Oliphant, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Gary W. Flakne, County Atty., Vernon E. Bergstrom, Chief, App. Div., and David W. Larson, Asst. County Attys., Minneapolis, for respondent.

Considered and decided by the court without oral argument.

SHERAN, Chief Justice.

Defendant, who was charged with second-degree murder, Minn.St. 609.19, was found guilty by a district court jury of the lesser-included charge of first-degree manslaughter, Minn.St. 609.20(1), and was sentenced by the trial court to a limited maximum term of 10 years in prison, with execution of sentence stayed pending the outcome of this direct appeal. Issues raised by defendant on this appeal relate to the sufficiency of the evidence, the propriety of submitting lesser offenses, the adequacy of the court's instructions, and the propriety of the court's refusal of a jury request for a transcript of the testimony of three witnesses. We affirm.

1. Defendant's first contention is that the evidence was legally insufficient. After carefully reviewing the record, we hold that the evidence was sufficient to support the verdict.

This prosecution arose from an early morning incident in defendant's house dur-

ing which defendant fired a total of 3 shots in succession from a shotgun, the third one striking and killing the victim. The victim was the mother of two young women, one 18 and one 21, who attended a party at defendant's home the night of the shooting. The older of the daughters was married and had been having an affair with one of the men who lived with defendant in his house. The confrontation which led to the shooting began when the victim, her husband, and the older daughter's husband went to the house and unlawfully entered it in an attempt to retrieve the girls. The state's evidence indicated that while the entry was unlawful and while defendant may have had good cause for confronting the intruders with a shotgun, defendant intentionally and unreasonably shot the victim when the gun was in contact with her back as she and the others were leaving peacefully. Defendant contended that the gun accidentally discharged as he was prodding the victim to leave but an expert for the crime lab testified that the trigger had a pull of 7 pounds and that the gun did not accidentally discharge when he tested it by jamming it in different ways against a firm surface.

Although the jury could not have found defendant guilty of first-degree manslaughter if it had believed his testimony that the shooting was accidental, the jury was free to disbelieve defendant and rely instead on the evidence adduced by the state, evidence which clearly justified the verdict.

■ 2. Defendant's next contention is that the trial court erred in admitting, over his objection, certain articles of clothing worn by the decedent as well as photographs of the decedent taken after the shooting.

Under Rule 403, Rules of Evidence, the trial court had discretion to exclude the photographs and the clothing even though the items were relevant if the court felt that the probative value of the items was substantially outweighed by the dangers of unfair prejudice. The trial court admitted the evidence because it believed that the evidence was relevant to the issue of defendant's state of mind at the time the shooting occurred and did not feel that the evidence was unfairly prejudicial. We hold that the court did not abuse its discretion. *State v. Tinklenberg,* 292 Minn. 271, 194 N.W.2d 590 (1972).

■ 3. Defendant's third contention is that the trial court erred in submitting lesser offenses to the jury over his objection that he wanted only second-degree murder submitted. This contention—which is basically that a defendant ought to be able to prevent submission of lesser offenses—is a contention which this court rejected in *State v. Leinweber,* 303 Minn. 414, 421, 228 N.W.2d 120, 125 (1975), where we stated in part as follows:

"* * * [I]n a murder case it is preeminently the trial court's duty in the exercise of its discretion to determine what lesser degrees of homicide to submit. * * * Neither the prosecutor nor the defense can limit the submission of such lesser degrees as the trial court determines should be submitted."

A related contention of defendant is that the evidence did not justify submission of the lesser offenses, particularly first-degree manslaughter. As we indicated, there was sufficient evidence to support the jury's verdict and accordingly there is no merit to this contention.

4. Defendant next challenges the adequacy of the trial court's instructions.

(a) Defendant's first argument is that the court erred in denying a requested accident instruction.

As the trial court indicated, accident is not a separate defense. Minn.St.1961, § 619.27 provided that "homicide is excusable when committed by accident or misfortune in doing an unlawful act, by lawful means, with ordinary caution, and without any unlawful intent." This law was repealed in 1963 because it "states what is the automatic and obvious consequence of the law of homicide and is unnecessary." Comments to Minn.St. 609.065, 40 M.S.A. p. 85.

■ It is true that "a party is entitled to an instruction on his theory of the case if

there is evidence to support it." *State v. Ruud,* 259 N.W.2d 567, 578 (Minn.1977). But it is also true that "The court need not give the instruction as requested by the party if it determines that the substance of that request is contained in the court's charge." *Id.* Here the court made it very clear that the jury could not convict defendant of either second-degree murder or first-degree manslaughter unless the jury was convinced defendant intentionally killed Ms. Snabb. Also, the prosecutor in his closing argument conceded that the jury could not find defendant guilty of either second-degree murder or first-degree manslaughter if it believed defendant's claim that the gun discharged accidentally.

■ (b) Defendant's other contention relating to the adequacy of instructions concerns the instructions on self-defense.

The first part of the court's instructions was a word-for-word restatement of Minn.St. 609.06(3, 4). The second part was taken from CRIM–JIG 7.05, entitled "Self-Defense—Causing Death," which in turn is taken from Minn.St. 609.065 and *State v. Boyce,* 284 Minn. 242, 170 N.W.2d 104 (1969) (a first-degree manslaughter case). The third part of the instruction came from CRIM–JIG 7.08, entitled "Self Defense— Retreat."

We have carefully considered each of defendant's contentions relating to the adequacy of these instructions. Our conclusion is that the jury was adequately informed of all the relevant principles. It is true that the court omitted the first part of these instructions when it responded to a jury request for a rereading of the instructions on self-defense, but defendant was not prejudiced by this. The two parts which the court gave were the ones recommended by CRIM–JIG for this type of case and fully covered the matter of self-defense.

■ 5. Defendant's final contention is that the trial court erred in denying a jury request that it be given a transcript of the testimony of three witnesses. This matter is covered by Rule 26.03, subd. 19(2), Rules of Criminal Procedure, which provides as follows:

"1. If the jury, after retiring for deliberation, requests a review of certain testimony or other evidence, the jurors shall be conducted to the courtroom. The court, after notice to the prosecutor and defense counsel, may have the requested parts of the testimony read to the jury and permit the jury to re-examine the requested materials admitted into evidence.

"2. The court need not submit evidence to the jury for review beyond that specifically requested by the jury, but in its discretion the court may also have the jury review other evidence relating to the same factual issue so as not to give undue prominence to the evidence requested."

Here the jury wanted the court to have the reporter reread what amounted to about 240 of about 800 pages of actual testimony. We hold that the trial court did not abuse its discretion in denying this request. See, *State v. Scott,* 277 N.W.2d 659 (Minn.1979).

Affirmed.