STATE of Minnesota, Respondent,

v.

Nicholas L. STAPEK, Appellant.

No. 81–351.

Supreme Court of Minnesota.

Feb. 12, 1982.

Mary Cade, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Thomas L. Johnson, County Atty., and Jerry Strauss, Asst. County Atty., Minneapolis, for respondent.

TODD, Justice.

Defendant was found guilty by a district court jury of assault in the first degree under Minn.Stat. § 609.221 (1980) (assault involving infliction of great bodily harm), for the shotgun wounding of a neighbor in a dispute which was, at least in part, racially motivated. The trial court sentenced defendant to 45 months in prison, which is within the permissible range of 41–45 months established by the Sentencing Guidelines for an offense of this severity level (VIII) committed by one with defendant's criminal score (zero). Issues raised by defendant on appeal are: (1) sufficiency of the evidence on the issue of intent, (2) adequacy of the trial court's instructions on intent, (3) failure of the trial court to submit any lesser offenses, and (4) propriety of the prosecutor's closing argument. We affirm.

The incident from which the shooting arose began when some white children and black children had a minor playground dispute. It escalated into a neighborhood fight when white adults intervened and assaulted one of the children. The dispute then moved to the area outside the houses of the white adults. Defendant left his house and became involved. He asked for his gun and at some point was given a shotgun. When the mother of one of the black children tussled with defendant over the gun, defendant asked someone to let his dog out, a vicious dog which bit the mother. After defendant gained control of the gun,

he aimed and fired the gun at the 16-year-old son of the mother, then fled. The shot caused permanent damage to the boy's reproductive organs. When defendant was arrested he denied having participated in the incident. He later changed this story, admitting that he had fired the gun but claiming it was an accident. The jury discredited defendant's testimony and concluded that the shooting was intentional. We hold that the evidence was sufficient to support that finding.

Defendant's contention that the trial court committed prejudicial error in failing to give an accident instruction is answered by our decision in *State v. Schluter*, 281 N.W.2d 174 (Minn.1979). The trial court's instructions adequately informed the jury that a finding of intent was a prerequisite to a finding of guilt and the arguments of both counsel further informed the jury of this.

Defendant's other contentions must be deemed forfeited: there is no record that defense counsel specifically sought submission of lesser offenses, and defense counsel not only did not object to the prosecutor's reference in closing argument to the racial nature of the incident but made similar comments himself.

Affirmed.