Clifton L. MOSS, petitioner, Appellant,

v.

STATE of Minnesota, Respondent.

No. 82–801.

Supreme Court of Minnesota.

Sept. 24, 1982.

C. Paul Jones, Public Defender, and Susan K. Maki, Asst., Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Alan Mitchell, County Atty., and John DeSanto, Asst. County Atty., Duluth, for respondent.

AMDAHL, Chief Justice.

This is an appeal by Clifton L. Moss, age 62, from an order of the St. Louis County District Court denying his petition for postconviction relief in the form of resentencing according to the Minnesota Sentencing Guidelines pursuant to Minn. Stat. § 590.01, subd. 3 (Supp.1981). We affirm.

In June of 1975 petitioner shot and killed a man and disposed of his body at a garbage dump. Petitioner was charged with murder in the first degree. He was also charged with two counts of aggravated assault for threatening two eyewitnesses. A district court jury found petitioner guilty of first-degree manslaughter and one count of aggravated assault, and the trial court sentenced petitioner to consecutive prison terms of 3 to 5 years for aggravated assault and 3 to 15 years for first-degree manslaughter. The convictions were affirmed by this court in *State v. Moss,* 262 N.W.2d 422 (Minn.1978). The sentence for the assault conviction expired in 1979, and the sentence for the manslaughter conviction will expire in 1988. Petitioner's current target release date is January of 1983.

Petitioner seeks resentencing to a total term of 132 months in prison, which is the presumptive sentence for the offense of first-degree manslaughter (severity level VIII) when committed by a person with petitioner's criminal history score (nine). However, if the Guidelines had been applicable, the trial court, without departing, could have imposed a maximum sentence of 161 months, 140 months for first-degree manslaughter and 21 months for aggravated assault.

In *State v. Champion,* 319 N.W.2d 21, 23 (Minn.1982), we stated that "we generally will not interfere with the postconviction court's refusal to make the finding that is prerequisite to resentencing, at least in cases in which the petitioner is serving a sentence for a violent offense or has a record suggesting that he is likely to engage in criminal conduct after his release." In this case petitioner is a violent offender with a very serious record of recidivism. Petitioner had the burden of overcoming these and other factors and proving that his early release from sentence would not present a danger to the public and would not be incompatible with the welfare of society. The district court concluded that petitioner failed to meet this burden, and we agree.

Petitioner remains subject to the jurisdiction of the Commissioner of Corrections.

Affirmed.