**STATE of Minnesota, Respondent,**

v.

**Gary M. NURMI, Appellant.**

**No. C4-82-832.**

Supreme Court of Minnesota.

July 8, 1983.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Thomas L. Johnson, County Atty., Vernon E. Bergstrom, Chief, Appellate Div., Richard Osborne, J. Michael Richardson, Asst. County Attys., and Beverly J. Wolfe, Staff Atty., Minneapolis, for respondent.

KELLEY, Justice.

Defendant was found guilty by a district court jury of a charge of second-degree murder, Minn.Stat. § 609.19(2) (1982) (felony murder). The trial court sentenced defendant to 243 months in prison, which is the presumptive sentence established by the Sentencing Guidelines for this offense (a severity level X offense) when committed by a person with defendant's criminal history score (four). Defendant raises three issues on this appeal from judgment of conviction: (1) the sufficiency of the evidence; (2) the trial court's admission of photographs of the victim taken before the autopsy was performed; and (3) the trial court's refusal to submit the lesser-included offense of first-degree heat-of-passion manslaughter, Minn.Stat. § 609.20(1) (1982). We affirm.

Defendant, who was 34, Verdell Anderson, who was 44, and Earl Crane, who was 51, spent the day of September 23, 1981, drinking fortified high-alcohol content wine in Crane's south Minneapolis apartment. When the last wine bottle was almost empty defendant and Anderson disagreed over who would drink what remained. Defendant lost his temper and, after knocking Anderson onto the floor, brutally kicked him on the head and face a number of times with his steel-toed boots. Anderson died a short time later from asphyxiation resulting from aspiration of blood from the head wounds.

■ 1. Defendant's first contention is that the evidence of his guilt of second-degree murder was legally insufficient. We hold that the evidence was sufficient.

C. Paul Jones, Public Defender, and Mary E. Steenson, Asst. Public Defender, Minneapolis, for appellant.

Under Minn.Stat. § 609.19(2) (1982), a defendant is guilty of second-degree murder if he "Causes the death of a human being, without intent to effect the death of any person, while committing or attempting to commit a felony offense other than criminal sexual conduct in the first or second degree with force or violence." In this case the underlying felony alleged by the state was felonious assault.

Defendant, whose blood alcohol level at the time of the incident was estimated to have been .259%,[1] raised the defense of voluntary intoxication, Minn.Stat. § 609.075 (1982), claiming that he did not have any criminal intent. The state in its brief on appeal argues that defendant was not even entitled to an instruction on the defense of voluntary intoxication. *See State v. Lindahl*, 309 N.W.2d 763, 767 (Minn.1981). We do not address this issue because it is clear that the jury was free to find that defendant's intoxication did not prevent him from forming any criminal intent. *State v. Olson*, 298 Minn. 551, 214 N.W.2d 777 (1974); *State v. Bonga*, 278 Minn. 181, 153 N.W.2d 127 (1967). Evidence of defendant's criminal intent in this case included (a) the act itself, from which the jury could infer intent, and (b) incriminating statements defendant made to police establishing that he intended to kick Anderson into unconsciousness.

■ 2. Defendant's next contention is that the trial court prejudicially erred in admitting photographs of the victim taken before the autopsy was performed. We have ruled in a number of cases that the admission of pictures such as these is generally best left to the trial court. *See, e.g., State v. Schluter*, 281 N.W.2d 174, 176 (Minn.1979); *State v. Tinklenberg*, 292 Minn. 271, 272–73, 194 N.W.2d 590, 591 (1972). Here the defendant admitted that he caused the death and he tried to keep the pictures out of evidence on this basis. However, in the trial court's opinion, the pictures were still relevant because the pictures enabled the jury to better assess defendant's claim that he had no criminal intent.

3. Defendant's final contention is that the trial court prejudicially erred in refusing to submit the lesser offense of first-degree heat-of-passion manslaughter.

■ The rule is that a trial court has to submit a lesser offense only if the offense is a so-called lesser-included offense and only if there is evidence which produces a rational basis for a verdict acquitting defendant of the offense charged and convicting him of the lesser offense. *State v. Leinweber*, 303 Minn. 414, 422, 228 N.W.2d 120, 126 (1975).

■ The parties agree that the offense of first-degree heat-of-passion manslaughter is a lesser-included offense of second-degree murder. Minn.Stat. § 609.04, subd. 1(1). The disagreement is over whether there was evidence producing a rational basis for submitting the offense.

Murder cases in which we have been asked to determine whether the trial court erred in refusing to submit first-degree heat-of-passion manslaughter include, in chronological order, *State v. Leinweber*, 303 Minn. 414, 228 N.W.2d 120 (1975); *State v. Swain*, 269 N.W.2d 707 (Minn.1978); *State v. Lee*, 282 N.W.2d 896 (Minn.1979). In *Leinweber*, we granted the defendant a new trial in part because of the trial court's failure to submit heat-of-passion manslaughter, whereas in *Swain* and *Lee* we upheld the trial court's refusal to submit the offense. In *Leinweber*, there was evidence of "words or acts" on the victim's part "as would provoke a person of ordinary self-control under like circumstances" into a passion which resulted in the victim's death, whereas in *Swain* and *Lee* there was an absence of such evidence. The instant case is like *Swain* and *Lee* and unlike *Leinweber* in this respect, and accordingly we hold that the trial court did not prejudicially err in refusing to submit the offense.

Affirmed.

---

1. Crane's blood alcohol level was estimated to have been .39% and the victim's .31%.