*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1658**

State of Minnesota,
Respondent,

vs.

Paul Andrew Skog,
Appellant.

**Filed September 28, 2015
Affirmed
Reilly, Judge**

Martin County District Court
File No. 46-CR-13-1131

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Elizabeth W. Bloomquist, Fairmont City Attorney, Fairmont, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Chang Y. Lau, Assistant Public Defender, St. Paul, Minnesota (for appellant)

        Considered and decided by Johnson, Presiding Judge; Kirk, Judge; and Reilly, Judge.

**U N P U B L I S H E D   O P I N I O N**

**REILLY**, Judge

        Appellant challenges his conviction of misdemeanor theft, arguing that the district court erred by allowing the state to elicit testimony concerning appellant's previous interaction with law enforcement, by allowing the state's key witness to testify to a legal

conclusion, and that the prosecutor committed misconduct during closing argument. We affirm.

**FACTS**

On November 29, 2013, appellant and his mother Nanci Skog were shopping at a Wal-Mart store in Fairmont, Minnesota. Ms. Skog was on a motorized scooter and appellant was pushing a shopping cart beside her. Wal-Mart's asset protection manager saw appellant put "handfuls" of merchandise into a backpack, including multiple packs of Kool-Aid and sausages. Appellant placed the backpack in the front of Ms. Skog's motorized cart and concealed it under dark clothing. Ms. Skog passed the last point of sale without paying for the merchandise. The asset protection manager contacted a law enforcement officer, who took both appellant and Ms. Skog into custody. The state subsequently charged appellant with one count of misdemeanor shoplifting in violation of Minn. Stat. § 609.52, subd. 1a(1), and the case proceeded to a jury trial.[1] The jury found appellant guilty of misdemeanor shoplifting and the district court sentenced him to jail. This appeal followed.

---

[1] Section 609.52, subdivision 1, is the definitional section for theft-related offenses, while subdivision 2(a)(1) provides that a person who "intentionally and without claim of right takes, uses, transfers, conceals or retains possession of movable property of another without the other's consent and with intent to deprive the owner permanently of possession of the property" is guilty of theft. Appellant does not raise this issue on appeal. *See Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn. 1988) (declining to consider matters not argued to and not considered by the district court). And although the state failed to cite the correct subdivision in the complaint, we have previously recognized that a defendant is not entitled to reversal where, as here, the complaint made it clear what crime the state was charging the defendant with and there was "no possibility that defendant was confused as to the nature of the charges." *State v. DeFoe*, 280 N.W.2d 38, 40 (Minn. 1979).

**D E C I S I O N**

Appellant raises four arguments on appeal.  First, appellant claims that the district court abused its discretion by failing to declare a mistrial when a witness testified that appellant had previous contact with law enforcement officers.  Second, appellant claims that the district court erred by allowing a lay-witness to testify to a legal conclusion.  Third, appellant argues that the prosecutor committed misconduct by making improper statements during closing argument.  Lastly, appellant argues that the cumulative effect of the errors deprived him of the right to a fair trial.  We address each argument in turn.

**ANALYSIS**

**I.**

Appellant argues that the district court erred by denying his motion for a mistrial following the unintentional elicitation of testimony that appellant had a "history" with law enforcement.  A mistrial should not be granted unless there is a "reasonable probability that the outcome of the trial would be different."  *State v. Spann*, 574 N.W.2d 47, 53 (Minn. 1998).  We review a district court's denial of a mistrial motion for an abuse of discretion.  *Id.*

In his initial report, the asset protection manager identified appellant as someone who "was known to Wal-Mart security as having a history with law enforcement."  Before the beginning of trial, the defense moved to prohibit any testimony that appellant "was known . . . as having history with law enforcement," on the ground that the statement was vague and implicated prior bad acts.  The district court judge asked the witness if he had personal knowledge of appellant's prior criminal history.  The witness

3

conceded that his statement regarding appellant's "history with law enforcement" was not based on his own personal knowledge. The district court stated: "I'm going to instruct that there not be any comment as to information conveyed to [the asset protection manager] by the other associate, only that he may say he was alerted to the subject . . . and leave it at that." During trial, the following testimony occurred:

> [Prosecutor]: So on November 29th of 2013, did you have anything unusual happen around 10:00 o'clock in the morning?
>
> [Asset protection manager]: I was, got alerted by an associate in the lawn and garden area about a person known to her as having history with law, with law enforcement.

The defense immediately objected and a discussion was held off the record. The district court did not address the statement with the jury. After the close of the state's case, the defense moved for a mistrial. The district court denied the motion given the "totality of the evidence" in the case.

Appellant argues that the district court erred by failing to declare a mistrial based on the witness's testimony. As a general rule, testimony from which a jury may infer that a defendant has a prior criminal record is inadmissible. *State v. Richmond*, 214 N.W.2d 694, 695 (Minn. 1974). In cases where such evidence is erroneously admitted, a reviewing court "attach[es] importance to whether the prosecutor intentionally elicited such testimony." *Id.* We reverse "more readily" when the prosecutor intentionally elicits other-crimes evidence, knowing it is inadmissible. *State v. Haglund*, 267 N.W.2d 503, 506 (Minn. 1978). However, even when the prosecutor unintentionally elicits such testimony, we will reverse if the evidence is prejudicial. *Richmond*, 214 N.W.2d at 695.

4

Here, the state did not intentionally elicit testimony regarding appellant's criminal history. The prosecutor asked the asset protection manager if "anything unusual" happened on the date of the offense, a question which did not appear calculated to prompt testimony about appellant's past interaction with law enforcement. Thus, the dispositive issue for this court is whether the evidence was prejudicial. *Richmond*, 214 N.W.2d at 695. We determine that it was not.

The record demonstrates that there was strong evidence of appellant's guilt. The asset protection manager testified that he observed appellant put "handfuls" of store merchandise into a backpack and then conceal the backpack. Given this evidence, the witness's single reference to appellant's "history" with law enforcement did not play a substantial role in convincing the jury of his guilt. *See Richmond*, 214 N.W.2d at 695 (determining that unintentional elicitation of past crimes was not prejudicial in light of other, strong evidence of defendant's guilt); *Haglund*, 267 N.W.2d at 506 (affirming conviction where reference to criminal history was brief and strong evidence of crime supported conviction).

The witness was present during the pretrial conference and knew that he was not supposed to testify regarding appellant's history with law enforcement. It is troubling that the witness chose to testify to appellant's past interactions with law enforcement, even after the district court instructed him against it. The district court could have foreclosed the issue by giving a curative instruction to the jury. *See, e.g.*, *State v. Miller*, 573 N.W.2d 661, 675-76 (Minn. 1998) (affirming denial of mistrial motion where district court immediately gave curative instruction to jury following witness's testimony

5

regarding appellant's prior criminal acts). Nevertheless, viewed in the light most favorable to the jury's verdict, *Spann*, 574 N.W.2d at 54, the error was not prejudicial and the district court did not abuse its discretion in denying appellant's mistrial motion.

## II.

Appellant argues that the district court abused its discretion by allowing the asset protection manager to testify that he believed appellant committed theft. A party challenging an evidentiary ruling bears the burden of establishing that the district court abused its discretion and that the party was prejudiced thereby. *State v. Amos*, 658 N.W.2d 201, 203 (Minn. 2003). We review rulings concerning the admissibility of evidence under an abuse-of-discretion standard. *Bernhardt v. State*, 684 N.W.2d 465, 474 (Minn. 2004).

During the state's direct examination, the prosecutor engaged in the following exchange with the asset protection manager:

> [Prosecutor]: [A]s a result of your experience as an asset protection manager and your observations that day of the two people in the Wal-Mart and the entire series of events, what was your conclusion with respect to what was happening?
>
> [Asset protection manager]: That my conclusion was that they both acted in the theft. The defendant here now had the merchandise, he touched the merchandise, he concealed the merchandise. He didn't leave the store with the concealed merchandise but his mother did.

The defense objected to this testimony and the district court overruled the objection. On appeal, appellant claims that the district court erred in admitting this testimony because it

was an "improper legal conclusion" and "infringed upon the jury's role as the ultimate fact-finder."

The evidence was proper under Rule 701 of the Minnesota Rules of Evidence governing lay opinion testimony. Generally, a witness may testify as to matters of which he has personal firsthand knowledge. Minn. R. Evid. 602. In the case of a lay witness:

> the witness' testimony in the form of opinion or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue.

Minn. R. Evid. 701.

The key question is whether "the witness personally knows what he or she is talking about and whether the testimony will be helpful to the jury." *State v. Post*, 512 N.W.2d 99, 101 (Minn. 1994). Here, the district court did not abuse its discretion by allowing the asset protection manager to testify that he believed appellant was stealing merchandise. The witness testified as to matters within his personal, firsthand knowledge—namely, that he personally saw appellant place merchandise into a backpack and conceal it under dark clothing in his mother's motorized cart. This testimony was proper under evidentiary rules 602 and 701 and we conclude that the district court did not err by admitting the witness's testimony.

### III.

Appellant argues that the prosecutor committed misconduct by making an improper remark during closing argument. The standard of review for claims of prosecutorial error depends on whether an objection was raised at the time of the alleged

7

error. *State v. Yang*, 774 N.W.2d 539, 559 (Minn. 2009). The defense objected to the prosecutor's statement and we therefore utilize a harmless-error test, "the application of which varies based on the severity of the misconduct." *State v. Wren*, 738 N.W.2d 378, 389 (Minn. 2007). In cases involving "unusually serious prosecutorial misconduct," we consider whether it is certain beyond a reasonable doubt that the misconduct was harmless. *State v. Carridine*, 812 N.W.2d 130, 150 (Minn. 2012). In cases involving less-serious prosecutorial misconduct, we ask whether the misconduct "likely played a substantial part in influencing the jury to convict." *Id.* Here, the prosecutor's conduct is harmless even under the stricter standard of review.

At trial, the prosecutor asked the asset protection manager during direct examination if "shoplifting is a big problem for Wal-Mart." The witness stated that "it is . . . [m]illions and millions of dollars each year." The witness also testified that shoplifting could be problematic in the Fairmont, Minnesota, store. The prosecutor stated during closing argument that appellant and Ms. Skog "were working together to rip off Wal-Mart. This is called shoplifting and it needs to stop because it's costing all of us a lot of money." Appellant claims that the prosecutor's closing statement was designed to inflame the passions and prejudices of the jury and constituted "an unusually serious act of misconduct on the part of the state."

A prosecutor may not make arguments that are not supported by the evidence or that are designed to inflame the jury's passions or prejudices against the defendant. *State v. Rucker*, 752 N.W.2d 538, 551 (Minn. App. 2008), *review denied* (Minn. Sept. 23, 2008). Prosecutors may present "legitimate arguments on the evidence, to analyze and

8

explain the evidence, and to present all proper inferences to be drawn therefrom," *State v. Smith*, 541 N.W.2d 584, 589 (Minn. 1996), but it is "unprofessional conduct for the prosecutor intentionally to misstate the evidence or mislead the jury as to the inferences it may draw." *State v. Bobo*, 770 N.W.2d 129, 142 (Minn. 2009) (citation omitted). Here, there was some evidence that shoplifting could be problematic for the Wal-Mart store in Fairmont, Minnesota. However, the prosecutor's statement that appellant's actions "need[] to stop because it's costing all of us a lot of money" is not supported by the evidence and was designed to inflame the jury's passion against appellant. The prosecutor's comment was therefore inappropriate.

However, even though the prosecutor's statement was inappropriate, we determine that it is harmless because the comment was a brief statement when the closing argument is viewed as a whole. We review closing arguments in their entirety when determining whether prosecutorial misconduct occurred. *State v. Vue*, 797 N.W.2d 5, 15 (Minn. 2011); *see also State v. Jackson*, 714 N.W.2d 681, 694 (Minn. 2006) (noting that this court should consider "the closing argument as a whole rather than focus on particular phrases or remarks that may be taken out of context or given undue prominence"). A prosecutor is allowed "considerable latitude" in closing and is not required to make a "colorless" argument. *Smith*, 541 N.W.2d at 589. Here, the objectionable comment totaled one sentence in the closing argument. The prosecutor's inappropriate statement does not amount to misconduct entitling appellant to relief when the closing argument is reviewed as a whole.

**IV.**

Appellant argues that he is entitled to a new trial because the cumulative effect of the misconduct deprived him of his right to a fair trial. Because any errors that occurred were harmless, appellant was not deprived of his right to a fair trial.

**Affirmed.**